## COMMONWEALTH *vs.* JOHN RAYMOND.

Hampden. December 4, 2007. - February 27, 2008.

Present: MARSHALL, C.J., GREANEY, IRELAND, COWIN, CORDY, & BOTSFORD, JJ.

*Practice, Criminal,* New trial, Conduct of prosecutor.

A Superior Court judge properly denied, without a hearing, a criminal defend-
ant's second motion for a new trial, where the defendant did not provide
credible evidence of a plea agreement between the prosecution and the
codefendant, a key witness, and where, in any event, evidence of such an
agreement would likely not have affected the jury's verdict. [733-734]
In denying, without a hearing, a criminal defendant's second motion for a new
trial, the Superior Court judge did not err in concluding that the defendant
had failed to demonstrate that, prior to a hearing on the defendant's previ-
ous motion for a new trial, the Commonwealth had exerted improper influ-
ence over a codefendant. [734-735]

INDICTMENTS found and returned in the Superior Court Depart-
ment on October 13, 1987.

A second motion for a new trial, filed on December 30, 1996,
while the defendant's direct appeal and appeal from his first
motion for a new trial were pending, was considered by *Tina S.
Page,* J., and a motion for reconsideration, filed on December
6, 2004, was heard by her.

*Kathleen Marie McCarthy* for the defendant.

*Katherine E. McMahon,* Assistant District Attorney, for the
Commonwealth.

COWIN, J. The defendant, John Raymond, was convicted in
1988 of murder in the first degree and forcible rape of a child
under the age of sixteen. We affirmed his convictions and the
denial of his first motion for a new trial. *Commonwealth* v. *Ray-
mond,* 424 Mass. 382, 383 (1997). We now consider the
defendant's appeal from the denial of his second motion for a
new trial.[1] The defendant alleges that the prosecution withheld

_____

[1]The defendant's second motion for a new trial was filed in this court

the fact of an agreement it purportedly made with a key witness, codefendant Raymond Stanislawski, that he could plead guilty to murder in the second degree. The defendant does not challenge the substance of Stanislawski's testimony, but contends only that the jury might have reached a different conclusion had they been informed of the plea agreement. The defendant claims also that the Commonwealth improperly pressured Stanislawski prior to a hearing on the first motion for a new trial. Finally, the defendant maintains that he was entitled to an evidentiary hearing on his second motion for a new trial.

We determine that the motion judge did not abuse her discretion in denying the defendant's second motion for a new trial without a hearing. As the motion judge concluded, the defendant did not provide credible evidence of an agreement between the prosecution and Stanislawski; moreover, evidence of such an agreement would likely not have affected the jury's verdict. The defendant also failed to show that the Commonwealth exerted improper influence on Stanislawski. Accordingly, we affirm the denial of the defendant's second motion for a new trial.

*Background.* We summarize briefly the background of the case, see *Commonwealth v. Raymond, supra* at 383-385, and its relevant procedural history. Four days after the body of a fifteen year old girl was found on September 24, 1987, Raymond Stanislawski gave a statement to the police implicating himself and the defendant in the rape and murder of the victim. After hearing Stanislawski's account, the defendant also made a statement. The defendant's rendition was similar in most respects to Stanislawski's, but the defendant denied that he raped the victim and claimed that it was Stanislawski who murdered her.

On April 26, 1988, with his attorney present, Stanislawski gave a sworn statement to the prosecution, in which he stated that he had not been promised any consideration in exchange

---

before his direct appeal was argued. See *Commonwealth v. Raymond,* 424 Mass. 382, 385, 398 (1997). We remanded the motion to the Superior Court and proceeded, in the meantime, to hear and decide the direct appeal. See *id.* After the motion was denied in the Superior Court, the defendant petitioned the single justice for leave to appeal the denial, a so-called "gatekeeper" review. See G. L. c. 278, § 33E. Because the rescript in the direct appeal had not been issued at the time the second motion was filed, the single justice correctly determined that the gatekeeper provision of G. L. c. 278, § 33E, was inapplicable. Thus, the appeal is to be considered by the full court.

for his confession. During discovery, the prosecution also denied that any promises or inducements had been made to prospective witnesses.

At the defendant's trial in June, 1988, the prosecutor introduced the defendant's confession. In addition, Stanislawski testified for the prosecution, implicating the defendant in the rape and the murder. He stated that he had received no promises from the Commonwealth or assurances from his own lawyer that he would receive a lesser penalty in return for his testimony.[2] The defendant was convicted, and three weeks later, Stanislawski pleaded guilty to murder in the second degree.

The defendant's first motion for a new trial was denied on August 15, 1994. The defendant's direct appeal and his appeal from the denial of his first motion for a new trial were consolidated before this court. We affirmed the defendant's convictions and found no reason to grant a new trial or reduce the degree of murder pursuant to G. L. c. 278, § 33E. *Commonwealth* v. *Raymond, supra* at 383.

*Second motion for a new trial.* As stated, while the consolidated appeal was pending, the defendant filed a second motion for a new trial. The defendant claimed that a letter dated June 20, 1996, that Stanislawski sent to the defendant's sister, Nancy Raymond, who was also Stanislawski's former girl friend, was newly discovered evidence suggesting that Stanislawski knew he would be able to plead guilty to murder in the second degree when he testified against the defendant at trial. The defendant argued that there was a substantial risk that a jury exposed to knowledge of the plea agreement would have reached a different conclusion. The defendant claimed also that the Commonwealth improperly pressured Stanislawski at a hearing on the defendant's first motion for a new trial by threatening to prosecute Stanislawski for perjury if he recanted his trial testimony.

The relevant parts of the June 20 letter, referred to above, stated:

"I was ready to testify on [the defendant's] behalf [at

---

[2]The Commonwealth also called witnesses who had seen the defendant and Stanislawski with the victim on the night she was killed. The victim's body was badly decomposed, and there was no physical evidence of semen or bruises from strangulation. *Commonwealth* v. *Raymond, supra* at 384 n.1.

the hearing on the defendant's first motion for a new trial]. While I was in the holding cell there, my lawyer had a talk with me. He told me what was gonna [*sic*] happen if I did testify that day. I was gonna [*sic*] be charged with lie-ing [*sic*] in the first trial. He said I could of [*sic*] gotten another 20 years added to my sentence. I did not need that. . . . My lawyer was only looking out for my best interest. . . . I thought you knew I was doing a second degree life sentence. Yes I knew I was gonna [*sic*] get that when I testified. . . . They offered him the same thing they offered me. I should of [*sic*] not taken the offer. But at that time, I was scared."

The defendant did not submit any documents supporting his second motion for a new trial other than the June 20 letter and an affidavit from Nancy Raymond stating that she had received the letter from Stanislawski.

The motion judge denied the defendant's second motion for a new trial without an evidentiary hearing, concluding that the defendant failed to provide sufficient credible evidence to support the existence of a plea agreement.[3] The judge observed that Stanislawski had at various points stated under oath that he had received no consideration from the Commonwealth, and she was concerned about the absence of affidavits from Stanislawski and from Stanislawski's trial counsel. Similarly, the judge found the evidence insufficient to warrant an evidentiary hearing on the defendant's argument that the Commonwealth improperly influenced Stanislawski before the hearing on the defendant's first motion for a new trial.

The defendant filed a motion for reconsideration of the denial of the second motion for a new trial. He supported the motion with affidavits from his appellate counsel and from a private investigator who the defendant hired to interview Stanislawski regarding the June 20 letter.[4] The private investigator stated that Stanislawski confirmed that "before he testified he understood that if he testified as the Commonwealth wanted him to testify, he would be able to plead guilty to second-degree murder after

---

[3]Three different judges presided over the defendant's trial and his first and second motions for a new trial.

[4]These affidavits were not filed with the defendant's second motion for a new trial.

[the defendant's] trial." The defendant did not support his motion for reconsideration with affidavits from Stanislawski or from the attorneys who represented Stanislawski at trial or during the hearing on the defendant's first motion.[5]

The motion for reconsideration was denied. The judge stated that, at trial, the Commonwealth "proceeded upon the theory that the defendant's participation was that of a joint venturer. As such, whether the jury [were] informed of a plea agreement (if any existed) between the co-defendant and the Commonwealth, would probably have had no effect on the jury and does not cast any doubt on this conviction."

*Discussion.* 1. *Plea agreement.* In reviewing the denial or grant of a motion for a new trial, we examine the motion judge's conclusion only to determine whether there has been an abuse of discretion or other error of law. *Commonwealth* v. *Grace*, 397 Mass. 303, 307 (1986). Because the motion judge did not preside at trial, we "regard ourselves in as good a position as the motion judge to assess the trial record." *Id.* "A defendant seeking a new trial on the ground of newly discovered evidence must establish both that the evidence is newly discovered[6] and that it casts real doubt on the justice of the conviction." *Id.* at 305. The evidence must be "material and credible." *Id.* "Moreover, the [motion] judge must find there is a substantial risk that the jury would have reached a different conclusion had the evidence been admitted at trial. . . . The motion judge decides . . . whether the new evidence would probably have been a real factor in the jury's deliberations." *Id.* at 306. Whether to conduct an evidentiary hearing falls within the discretion of the motion judge, *Commonwealth* v. *DeVincent*, 421 Mass. 64, 67 (1995), and a defendant must make a sufficient factual showing to warrant a hearing. *Commonwealth* v. *Britto*, 433

---

[5]Stanislawski was represented by different attorneys at the time of the defendant's trial and at the time of the hearing on the defendant's first motion for a new trial.

[6]To be "newly discovered," the evidence must have been unknown to the defendant or his counsel and not reasonably discoverable by them at the time of trial. *Commonwealth* v. *Grace*, 397 Mass. 303, 306 (1986). A defendant must demonstrate also that any newly discovered evidence is admissible. *Commonwealth* v. *Weichell*, 446 Mass. 785, 799 (2006).

Mass. 596, 608 (2001), citing *Commonwealth* v. *Stewart,* 383 Mass. 253, 257-258 (1981).

The motion judge acted within her discretion in denying the defendant's motion without a hearing. First, the judge did not err in concluding that the defendant provided insufficient credible evidence of a plea agreement. The defendant failed to submit affidavits from Stanislawski and the attorneys who represented Stanislawski at the relevant times. Given Stanislawski's two sworn statements that no plea agreement existed, the absence of countervailing affidavits from those in a position to know the truth regarding the existence of an agreement supports a determination of a lack of credibility. The judge need not credit allegations in affidavits, see *Commonwealth* v. *Leate,* 361 Mass. 347, 349-350 (1972), and certainly need not credit an unsworn letter with no corroborating affidavits from Stanislawski or his attorneys.[7] Second, the judge did not err in holding that there was no danger that a jury exposed to evidence of a plea agreement would have reached a different conclusion. Stanislawski's testimony of the rape and death of the victim, together with the defendant's confession, constituted overwhelming evidence against the defendant. Evidence of a plea agreement, even if true, would likely not have been "a real factor in the jury's deliberations." *Commonwealth* v. *Grace, supra* at 306.

2. *Improper influence.* The defendant contends that the judge erred in determining that he had not produced evidence that the Commonwealth improperly dissuaded Stanislawski from testifying at the hearing on the defendant's first motion for a new trial. We find no error. There was no indication of improper threats or coercive behavior, or even any evidence that the Commonwealth had informed Stanislawski or his counsel of the possibility of perjury charges. The defendant's sole evidence for the claim of improper influence is Stanislawski's June 20 letter. As the defendant acknowledges, that letter does not state that the Commonwealth informed Stanislawski of the likelihood of a perjury charge, only that Stanislawski's own counsel informed

---

[7]The defendant argues that the June 20 letter is admissible as a declaration against Stanislawski's penal interest. *Commonwealth* v. *Drew,* 397 Mass. 65, 73 (1986), *S.C.,* 447 Mass. 635 (2006), cert. denied, 127 S. Ct. 2269 (2007). We need not reach the issue of admissibility. See *supra.*

him of this possibility. The judge did not abuse her discretion in denying this claim without a hearing.

*Order denying the defendant's second motion for a new trial affirmed.*