COMMONWEALTH vs. KEVIN WAYNE BROWN.

No. 07-P-1122.

Essex. March 7, 2008. - May 20, 2008.

Present: McHugh, Brown, & Katzmann, JJ.

*Indecent Assault and Battery. Practice, Criminal,* Assistance of counsel, New trial. *Constitutional Law,* Assistance of counsel.

A trial court judge did not err in denying a motion for a new trial brought by a criminal defendant who had been convicted of indecent assault and battery, where the defendant, in arguing that trial counsel was ineffective in failing to obtain mental health counselling records of the child victim, failed to demonstrate that those records were exculpatory rather than merely cumulative [746-748]; and where the defendant failed to demonstrate, with regard to his allegation of newly discovered evidence (specifically, the child victim's testimony at another trial that she had failed to report sexual assaults by a different individual), that such evidence would have been a significant factor in the jury's deliberations, given that trial counsel had ample opportunity to question the victim's credibility at trial and did so effectively [748-749].
This court declined to consider an argument raised for the first time on appeal. [749]

INDICTMENTS found and returned in the Superior Court Department on July 22, 1998.

Following review by this court, 53 Mass. App. Ct. 1112 (2002), a motion for a new trial, filed on April 21, 2006, was considered by *Richard E. Welch, III,* J.

*Lisa B. Medeiros* for the defendant.

*Kenneth E. Steinfield,* Assistant District Attorney, for the Commonwealth.

KATZMANN, J. This appeal arises from the denial of defendant Kevin Wayne Brown's motion for new trial. The defendant asserts that the motion judge erred in rejecting a claim that trial counsel was ineffective for failing to file a pretrial *Bishop-*

*Fuller* motion[1] to obtain mental health counseling records of K,[2] the child victim. He further contends that newly discovered evidence concerning K's nondisclosure of alleged abuse by another man while the investigation and prosecution of the defendant was ongoing requires a new trial because that evidence would have substantiated the defendant's theory that K was fabricating her testimony. We affirm.

*Background.* The procedural history of this case is as follows. On June 4, 1999, a Superior Court jury convicted the defendant of two charges of indecent assault and battery of a child under the age of fourteen. The jury found the defendant not guilty of rape by force of a child. On July 8, 1999, the trial judge sentenced the defendant to from nine to ten years on one conviction and from eight to ten years, consecutive, on the other. On direct appeal, in a memorandum and order pursuant to rule 1:28, we affirmed. *Commonwealth* v. *Brown*, 53 Mass. App. Ct. 1112 (2002).

On April 21, 2006, the defendant filed a motion for new trial. A Superior Court judge who was not the trial judge[3] denied the motion in the margin "for the reasons set forth in the Commonwealth's opposition." The present appeal resulted.

The jury heard the following evidence at trial. From June, 1997, through November, 1997, the defendant was K's mother's boyfriend and lived in K's home. During this period, the defendant sexually assaulted K as well as her friend A,[4] both of whom were eleven years old. K and A did not report the incidents.

In June, 1998, more than eight months after the defendant had moved out, K's mother inquired of K whether the defendant had sexually abused her. K revealed certain aspects of the incidents to her mother, but withheld some information. Later that day, K and her mother met with a school counsellor, with whom K said she had a good relationship. At the meeting, K reported the abuse. K testified that immediately after one of the incidents that she had not reported, she had seen her older sister

---

[1]See *Commonwealth* v. *Bishop*, 416 Mass. 169 (1993); *Commonwealth* v. *Fuller*, 423 Mass. 216 (1996).

[2]A pseudonym.

[3]The trial judge since had retired.

[4]A pseudonym.

and cousin outside of K's residence, but had not disclosed the incident.

On cross-examination, the defendant's trial counsel elicited from K that she liked and was close to her school counsellor, and that the counsellor was available to discuss K's problems. Before proceeding further with the questioning, trial counsel requested and obtained a sidebar conference. Counsel explained that she sought to establish that K was in psychological counselling at the time of the defendant's alleged assaults and that K also had not made a complaint about the abuse to her counsellor. The trial judge, concerned about the possibility that counsel intended to use this fact to suggest that K was a "disturbed child," denied counsel the opportunity to inquire of K whether she was in mental health counselling. Both the judge and the prosecutor also noted that counsel had not filed a *Bishop* motion to obtain any information about the counselling. The judge, however, did permit trial counsel to inquire why K had never told anybody about the abuse.[5] Following the conference, the defendant's trial counsel continued to cross-examine K. In response to counsel's questions, K testified that she had not told her older sister about any of the defendant's behavior and that she had not revealed certain details concerning the defendant "putting his fingers inside of" her to either her school counsellor or the police.

In the new trial motion, the defendant included a copy of the docket of a District Court criminal proceeding (which occurred after the defendant's trial) wherein another man was charged with six counts of statutory rape and six counts of indecent assault and battery on a child under fourteen (District Court matter). K was the alleged victim. Also accompanying the motion was a transcript excerpt of a probable cause hearing from the District Court matter, wherein K testified that although the abuse alleged in the District Court matter was occurring at the same time the defendant was being prosecuted, she did not report the

---

[5]The judge would have permitted counsel, if she was aware of the mental health counsellor's name, to inquire if K knew the named person as well as whether K had told this person of the abuse. As counsel was not aware of the mental health counsellor's name, she was unable to pursue this line of questioning.

details to any authority. K, however, did testify that she had told a friend. In conjunction with this transcript, the defendant's new counsel filed an affidavit stating that she "was informed . . . that the file in the district attorney's office reflected that the [District Court matter] had been dismissed on March 01, 2005." New defense counsel was unable to determine whether the matter had been transferred to the Superior Court.

*Discussion.* 1. *Ineffective assistance.* The defendant contends that had trial counsel obtained K's mental health counselling records pursuant to *Commonwealth* v. *Bishop*, 416 Mass. 169 (1993), and *Commonwealth* v. *Fuller*, 423 Mass. 216 (1996), those records would not have revealed any complaints about the defendant's purported abuse. He claims that without them, trial counsel was unable to cross-examine K effectively on her failure to make a contemporaneous complaint to a responsible adult, and hence to argue persuasively to the jury that K's abuse claim was a fabrication.[6]

In a new trial motion asserting ineffective assistance of counsel based on trial counsel's failure to obtain mental health records pursuant to the then-applicable protocol,[7] the defendant initially must demonstrate that trial counsel could have presented a threshold factual basis for filing a motion to obtain the records. If the defendant makes this threshold showing then he must

---

[6]As any *Bishop* motion would have been filed between indictment in July, 1998, and trial in June, 1999, the "standard in effect at the time" must be applied. *Commonwealth* v. *Oliveira*, 431 Mass. 609, 614 (2000), *S.C.*, 438 Mass. 325 (2002). As the defendant acknowledges, a timely and successful *Bishop* motion would have required that he:

> "demonstrate[] a good faith, specific, and reasonable basis for believing that the records will contain exculpatory evidence which is relevant and material to the issue of the defendant's guilt. . . . By 'material evidence' we mean evidence which is not only likely to meet criteria of admissibility, but which also tends to create a reasonable doubt that might not otherwise exist."

*Commonwealth* v. *Fuller, supra* at 226.

[7]Under the familiar two-prong standard, to establish ineffective assistance, the defendant must show that "there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer" and, if so, that "it has likely deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

demonstrate, in graduating stages, (1) that the records would have been deemed discoverable under the then-existing standard; (2) that the resulting discovery process would have produced relevant and admissible documents; and (3) that the relevant and admissible documents, after review, disclosed exculpatory information material to the defendant's case. See *Commonwealth v. Oliveira,* 431 Mass. 609, 614-616 (2000), *S.C.,* 438 Mass. 325 (2002); *Commonwealth* v. *Bourgeois,* 68 Mass. App. Ct. 433, 436-439 (2007). See also *Rodriguez* v. *Commonwealth,* 449 Mass. 1029, 1030 (2007) (suggesting similar means of postconviction relief available under new protocol set forth in *Commonwealth* v. *Dwyer,* 448 Mass. 122 [2006]). Assuming arguendo that K's mental health records in this case were discoverable under the then-existing protocol, because the alleged ineffectiveness presently concerns only K's credibility, which the defendant's trial counsel already had impeached, the mental health records, even if potentially relevant and admissible, would have been cumulative, not exculpatory.[8]

As we stated in our memorandum and order pursuant to rule 1:28, 53 Mass. App. Ct. 1112, on direct appeal of this matter:

> "Even if we were to assume that the judge erred in not permitting the inquiry, the defendant was not prejudiced. In his cross-examination, the defendant was able to establish that K never spoke about the defendant's sexual abuse of her with her sister, with whom she was close; her school counsel[l]or, whom she liked; or any other adult whom she saw regularly and with whom she was close. The allegation that K did not tell her mental health counsel[l]or was simply cumulative of this testimony and its impact was, thus, negligible."

Although our reasoning in that decision arose in a slightly different context — addressing whether the trial judge's denial of the defendant's request to inquire of K regarding what she told the mental health counsellor violated the defendant's right of cross-examination — its force is equally applicable here. The

---

[8]Absent a proffer that the records contained something more than cumulative evidence, there was no basis for the judge to summons the records and permit further discovery in accordance with the then-existing protocol. See *Commonwealth* v. *Oliveira, supra*; *Commonwealth* v. *Bourgeois, supra.*

defendant offers no compelling arguments for departing from this logic and thus cannot demonstrate that trial counsel's alleged ineffectiveness deprived him of a substantial ground of defense. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

2. *Newly discovered evidence.* "A defendant seeking a new trial on the ground of newly discovered evidence must establish both that the evidence is newly discovered[9] and that it casts real doubt on the justice of the conviction." *Commonwealth* v. *Raymond*, 450 Mass. 729, 733 (2008), quoting from *Commonwealth* v. *Grace*, 397 Mass. 303, 305 (1986). The proffered evidence must be "material and credible." *Raymond*, *supra*, quoting from *Grace*, *supra*. "Moreover, the [motion] judge must find there is a substantial risk that the jury would have reached a different conclusion had the evidence been admitted at trial" or that the "new evidence would probably have been a real factor in the jury's deliberations." *Raymond*, *supra*, quoting from *Grace*, *supra* at 306. As in this case where the motion judge was not the trial judge, we "regard ourselves in as good a position as the motion judge to assess the trial record." *Raymond*, *supra*, quoting from *Grace*, *supra* at 307.

Here, the defendant's newly discovered evidence consisted of a transcript from the District Court matter wherein K testified that during the proceedings against the defendant, she had not reported sexual assaults, then ongoing, perpetrated by another individual. In the motion for new trial, the defendant asserted that this evidence, if presented to the jury, would have further impeached K's credibility by showing that she had failed to report sexual assaults by a different individual.

However, as we discussed *supra*, trial counsel, during cross-examination, had ample opportunity to question K's credibility and did so effectively. Further evidence on the matter of K's failure to report the incidents merely would have been cumulative and thus unlikely to have been a significant factor in the

---

[9]"To be 'newly discovered,' the evidence must have been unknown to the defendant or his counsel and not reasonably discoverable by them at the time of trial. *Commonwealth* v. *Grace*, 397 Mass. 303, 306 (1986). A defendant must demonstrate also that any newly discovered evidence is admissible. *Commonwealth* v. *Weichell*, 446 Mass. 785, 799 (2006)." *Commonwealth* v. *Raymond*, 450 Mass. 729, 733 n.6 (2008).

jury's deliberations. See *Commonwealth* v. *Sena*, 441 Mass. 822, 831 (2004), quoting from *Commonwealth* v. *Lo*, 428 Mass. 45, 53 (1998) ("It is well established that '[n]ewly discovered evidence that tends merely to impeach the credibility of a witness will not ordinarily be the basis of a new trial' "). Any value of K's testimony was for impeachment purposes, and even then, its admissibility would have been subject to the trial judge's sound discretion. We cannot reasonably or with fair assurance conclude that the evidence would have had a real impact on the jury's deliberations.

For the first time on appeal, the defendant also argues that the dismissal of the District Court matter equates to proof that K was in fact fabricating allegations of sexual abuse against the defendant. In essence, the defendant implicitly is asserting that K is a serial fabricator who manufactured allegations of sexual abuse. This allegation, if substantiated, carries a distinctly different tenor from the cumulative, nondisclosure impeachment theory discussed *supra*. However, because the defendant did not raise this argument in the new trial motion now before us, the record on this issue is not sufficiently developed to permit adequate appellate consideration at the present time.

> *Order denying defendant's motion for new trial affirmed.*