The defendant, Corey Patterson, was convicted by a jury of the second degree murder of Gregory Phillips, whom he stabbed during a fight outside a bar in the Allston section of Boston.[2] On appeal, he argues that the trial judge impermissibly curtailed hearsay evidence regarding a third-party culprit, Osmany Rivera. He also argues that his motion for a new trial was denied in error because his trial counsel provided ineffective assistance by failing to consult an expert in eyewitness identification. We affirm.
1. Background. We summarize the facts as the jury could have reasonably found them. In the early morning hours of November 8, 2009, the victim and his friends, Emmanuel Batista, Jennifer Williams, and Laura Iarrobino, were exiting a bar in Allston at closing time when the defendant, who had been trying to garner Williams's attention, made a comment that provoked Batista to tell the defendant to leave Williams alone. When the defendant refused, Batista invited the defendant, "around the corner." Batista, the victim, the defendant, and two of the defendant's friends, William Gerald and Rivera, left the area outside the bar. This exchange was recorded by the bar's surveillance cameras.
A fight ensued, with Batista fighting the defendant on one side of the street, and the victim fighting one of the defendant's friends on the other side.[3] When the defendant and Batista finished fighting, the defendant crossed the street towards the victim with a knife in his hand and stabbed the victim in the chest. The victim died later that night as a result of injuries to his heart. Following the stabbing, the defendant, Rivera, and Gerald walked away from the crime scene and discarded the knife under a parked vehicle.
As the defendant was escaping the scene in a vehicle driven by his cousin, he instructed his cousin to return to the location where he had discarded the knife. The defendant retrieved the knife and returned to his cousin's vehicle. Police officers immediately stopped the car, and after a struggle, they arrested the defendant and confiscated the knife. Deoxyribonucleic acid (DNA) testing of blood found on the knife and on the defendant's shoes matched that of the victim.
2. Discussion. a. Third-party culprit. At trial, the defense was that a third-party culprit-Rivera, who had also been involved in the fight-stabbed the victim. On appeal, the defendant argues that the trial judge erred by precluding the defendant's friend, Gabriella Ciambrone, from testifying to Rivera's hearsay statements that the victim was stabbed with his own knife, and that "someone picked up the knife and then he [the victim] got stabbed."[4] Because a third-party culprit defense is an issue "of constitutional dimension, we are not bound by an abuse of discretion standard, but rather examine the issue independently." Commonwealth v. Wood, 469 Mass. 266, 275 (2014).
At trial, Ciambrone testified that: (1) after the stabbing, Rivera was in the defendant's bathroom for at least twenty minutes, leaving the bathroom in a state suggesting that Rivera was attempting to wash away evidence tying him to the crime; (2) Rivera had detailed knowledge of the fight, suggesting his proximity to the stabbing; and (3) Rivera knew that the defendant retrieved the knife after the fight, suggesting his involvement in hiding evidence of the crime.[5] Ciambrone's excluded testimony that Rivera said that "someone" used the victim's own knife to stab him does not "have a rational tendency to prove the issue the defense raises"-that Rivera was the individual who stabbed the victim-and is "too remote or speculative" to be admitted as third-party culprit evidence. Commonwealth v. Silva-Santiago, 453 Mass. 782, 801 (2009), quoting from Commonwealth v. Rosa, 422 Mass. 18, 22 (1996). To the contrary, the excluded statements exculpate Rivera, suggesting that he was merely a witness when "someone" else stabbed the victim. Accordingly, the hearsay was properly excluded.
b. Motion for new trial. We review the defendant's argument that the motion judge erred in denying his motion for new trial for abuse of discretion. Commonwealth v. Cameron, 473 Mass. 100, 104 (2015). Because the motion judge "did not preside at trial, we regard ourselves in as good a position as the motion judge to assess the trial record." Ibid., quoting Commonwealth v. Raymond, 450 Mass. 729, 733 (2008). The defendant's new trial motion was based on a claim of ineffective assistance of counsel, which we review by applying the familiar two-part test: (1) whether the defendant has demonstrated "serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," and (2) whether counsel's poor performance "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
Here, the motion judge did not abuse her discretion in declining to grant a new trial. First, trial counsel fully cross-examined the witnesses on the factors affecting eyewitness identification suggested by the defendant's proffered expert, including heightened stress, distance and lighting conditions, weapon focus, exposure duration, facial obstruction, retention interval, contradictory statements, intoxication, and the cross-racial nature of their identifications. Thus, the defendant's proffered expert would have added nothing appreciable to trial counsel's handling of the case, and accordingly, the failure to consult with such an expert does not suggest incompetency, inefficiency, or inattention on the part of trial counsel.
Second, none of the systematic problems, which are inherent in some eyewitness identification procedures such as show-ups, lineups, and photographic arrays, were relevant to this case. In fact, the only witness that was subject to one of these procedures failed to identify the defendant. Accordingly, trial counsel cannot be faulted for failing to consult with an expert on systematic problems that were not at issue.
Third, unlike in situations where an eyewitness identifies a suspect based on memory alone, here the witnesses either identified the defendant from video recordings taken on the evening of the stabbing or knew the defendant as their family member or long-time friend. Beyond the factors that trial counsel already employed to impeach these witnesses at the trial, the defendant's proffered expert suggests no systematic flaws in this type of testimony.[6] See Commonwealth v. Hudson, 446 Mass. 709, 725-726 (2006) (declining to find counsel ineffective where counsel failed to pursue a defense strategy that would not have aided the defendant's case).
Judgments affirmed.
Order denying motion for new trial affirmed.

The defendant was also found guilty on three charges of assault and battery on a police officer.

Testimony regarding the exact details of this fight varied among the witnesses.

Rivera invoked his Fifth Amendment privilege against self-incrimination and did not testify.

Two additional witnesses testified that Rivera was with the defendant when the knife was hidden.

Because the defendant's new trial motion does not raise a substantial issue, the motion judge did not abuse her discretion in declining to hold an evidentiary hearing. See Commonwealth v. Chatman, 466 Mass. 327, 334 (2013).