## Commonwealth *vs*. Ramon Caceres.

No. 04-P-696.

Essex. March 21, 2005. - June 16, 2005.

Present: Kantrowitz, Smith, & Graham, JJ.

*Practice, Civil,* Contempt. *Practice, Criminal,* Affidavit, Discovery, Subpoena. *Subpoena. Evidence,* Privileged record, Production on demand, Relevancy and materiality.

The judge in a criminal action properly allowed the defendant's motion to compel production of records from a third party, where the defendant's request was supported by an affidavit identifying with specificity the relevance of the requested documents, and where the affidavit identified the source of the hearsay contained within it, and the hearsay was reliable [749-751]; moreover, neither decisional law nor Mass.R.Crim.P. 17(a)(2) supported the third party's claims that it should have been permitted to object to the summons by way of an opposition memorandum and that it should have been afforded notice and an opportunity to be heard prior to the issuance of the summons [751-752].

Complaint received and sworn to in the Lawrence Division of the District Court Department on December 17, 2003.

Entry of a judgment of contempt was ordered by *Geoffrey C. Packard,* J.

*Wendy J. Murphy* for Women's Resource Center.

*Gregory I. Massing,* Assistant District Attorney, for the Commonwealth, amicus curiae, submitted a brief.

Smith, J. The Women's Resource Center of Greater Lawrence (WRC) appeals from a judgment finding it in civil contempt for failing to respond to a summons for the production of documents pursuant to Mass.R.Crim.P. 17(a)(2), 378 Mass. 885 (1979).[1] It claims that the issuance of the subpoena was error on both procedural and substantive grounds.

---

[1]We note that the Commonwealth filed an amicus brief in this case because it does not have standing to appeal the judgment of contempt against WRC. The Commonwealth, as recently set forth in *Commonwealth* v. *Lam,* 444

We recite the facts from the record before us.[2] On December 17, 2001, a complaint issued from the Lawrence District Court charging the defendant with a single count of indecent assault and battery on a child under the age of fourteen, in violation of G. L. c. 265, § 13B. The offense allegedly occurred on or about October 15, 2001. The complaint was later amended to allege that the crime occurred on divers dates from January, 1998, to October 31, 2001. In order to prepare his defense, the defendant sought certain records relating to the complainant's treatment or counseling from the WRC dating from "January 23, 2002 to [the] present."[3] In support of his request, the defendant filed an affidavit specifying why the requested documents were relevant. On February 6, 2003, after a hearing, a District Court judge allowed the defendant's motion, and on February 11, 2003, a summons was issued, ordering WRC to produce the records in court by March 18, 2003.[4] On that date, the case was continued, and the summons was reissued with a new compliance date of May 7, 2003. When WRC failed to produce the records, a hearing was scheduled for September 5, 2003.[5]

On September 5, 2003, a hearing was held at which defense counsel, an assistant prosecutor, and counsel for WRC attended. WRC argued in a memorandum that the defendant's request for documents was nothing more than a "fishing expedition" and

Mass. 224, 228-229 & n.8 (2005), has standing to challenge the issuance of rule 17(a)(2) summonses.

[2]Only the written memorandum of decision prepared by the motion judge detailing the hearing has been produced by the parties; a transcript of the hearing has not been provided to this court. According to WRC, a tape recording of the proceeding was produced and is on file with the single justice of the Supreme Judicial Court.

[3]We note that the defendant cited Mass.R.Crim.P. 14(a)(1)(C), 378 Mass. 874 (1979), in support of his motion. "Regardless of how a defendant styles his request, pursuit of documents and records in the possession of a nonparty[, as here,] must be considered and analyzed under rule 17(a)(2)." *Commonwealth* v. *Lampron*, 441 Mass. 265, 268 (2004). Accordingly, we treat the defendant's request as one properly brought under rule 17.

[4]The summons included an order that "required the immediate impoundment of the records and invited an assertion of any valid privilege by the record keepers."

[5]The defendant had requested documents from two other agencies in addition to WRC, but both of those agencies complied with the order and are not part of this appeal.

that the defendant had not met the relevancy standard which must be satisfied before any documents may be summonsed from nonparties.

The motion judge rejected WRC's request to intervene, but invited WRC to file a motion to quash the summons or to assert any applicable privilege. WRC explicitly declined to take either of the judge's two suggestions and continued to refuse to produce the documents. In response, the judge issued a written memorandum and order finding WRC in civil contempt. The execution of the order was stayed, and the stay has been in effect at all times material to this case. WRC appealed the order of contempt.[6]

On appeal, WRC argues that the judge erred in allowing the defendant's motion to compel production of records because the defendant had not satisfied the applicable relevancy requirements. WRC makes the additional claim that it ought not be burdened with the requirement of presenting its objections in a motion to quash, but rather that it be permitted to present its position in a "memorandum in opposition." WRC also suggests that it should have been given notice and an opportunity to be heard before the summons was issued. We first address the relevancy claim.

The procedure that must be followed in order to obtain documents or records from a nonparty is set forth in rule 17 and that procedure has been recently explicated in the decisional law.[7] See *Commonwealth* v. *Lampron*, 441 Mass. 265, 268-271 (2004); *Commonwealth* v. *Jansen*, 444 Mass. 112, 116-117

---

[6]Before appealing to this court, WRC initially sought relief from a single justice of the Supreme Judicial Court by filing a petition under G. L. c. 211, § 3. The single justice denied the petition, and WRC, relying on S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), appealed to the full court. The court denied the appeal on the ground that rule 2:21 "applies only to interlocutory rulings in the trial court" and a contempt judgment "is final rather than interlocutory."

[7]The pertinent portion of rule 17 reads as follows:

"(a) Summons.

"(1) For Attendance of Witness; Form; Issuance. A summons shall be issued by the clerk or any person so authorized by the General Laws. It shall state the name of the court and the title, if any, of the proceeding and shall command each person to whom it is directed to attend and give testimony at the time and place specified therein.

(2005); *Commonwealth* v. *Lam*, 444 Mass. 224, 230-231 (2005). Specifically, the rule permits a party in a criminal case to file a motion to compel production of documents from a third party prior to trial where the moving party believes the materials may contain relevant information that has evidentiary value to the defense. *Commonwealth* v. *Lampron, supra* at 268. Regardless of the type of documents sought, the Supreme Judicial Court has stated that the motion must be supported by an affidavit that shows that "the documentary evidence sought has a 'rational tendency to prove [or disprove] an issue in the case.' " *Id.* at 269-270, quoting from *Commonwealth* v. *Fayerweather*, 406 Mass. 78, 83 (1989). *Commonwealth* v. *Lam, supra* at 230.[8] See *Commonwealth* v. *Pelosi*, 441 Mass. 257, 262-263 (2004). The affidavit may contain hearsay, provided that the source of the hearsay is identified, the hearsay is reliable, and the affidavit establishes with specificity the relevance of the requested documents. *Commonwealth* v. *Lampron, supra* at 271. This threshold determination of relevancy and the requirements of rule 17 "must be satisfied before any documents of any kind may be summonsed from nonparties." *Commonwealth* v. *Lampron, supra* at 268. See *Commonwealth* v. *Lam, supra* at 230-231.

Here, counsel's affidavit contained statements that an assessment report from the Lawrence Bridge Home, as well as

---

"(2) For Production of Documentary Evidence and of Objects. A summons may also command the person to whom it is directed to produce the books, papers, documents, or other objects designated therein. The court on motion may quash or modify the summons if compliance would be unreasonable or oppressive or if the summons is being used to subvert the provisions of [Mass.R.Crim.P. 14, 378 Mass. 871 (1979)]. The court may direct that books, papers, documents, or objects designated in the summons be produced before the court within a reasonable time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents, objects, or portions thereof to be inspected and copied by the parties and their attorneys if authorized by law."

[8]Although the *Lampron* and *Lam* courts cited *United States* v. *Nixon*, 418 U.S. 683, 699-700 (1974), and the four factors set forth in that case as providing interpretative guidance for the standards which must be met in order to establish relevancy, *Commonwealth* v. *Lampron, supra* at 269; *Commonwealth* v. *Lam, supra* at 9, the thrust of the inquiry, as reflected in the first of the four factors, remains whether the records have a "rational tendency to prove [or disprove] an issue in the case." *Commonwealth* v. *Lampron, supra* at 269-270. *Commonwealth* v. *Lam, supra.*

discovery provided by the Department of Social Services, indicated that the victim (1) had been "diagnosed with adjustment disorder, mixed anxiety and depression"; (2) had experienced "visual and auditory hallucinations"; (3) had, in the opinion of a named clinician, " 'changed her story' with regard[] to the alleged misconduct of the defendant"; and (4) had "identified her sister . . . as a victim of sexual misconduct by the defendant," but that in an interview by a named individual, the sister stated that "the defendant 'never touched her.' "

The affidavit identifies the hearsay sources, the facts contained in the affidavit "are in the personal knowledge of counsel's sources," and the hearsay is sufficiently reliable. See *Commonwealth* v. *Lampron,* 441 Mass. at 271. In addition, the affidavit identifies with specificity the relevance of the requested documents. In these circumstances, the defendant was entitled to the initial order for production of records from WRC, and the judge acted within his discretion in issuing the order.

WRC makes a related claim that the judge improperly limited WRC to challenging the summons by filing a motion to quash or by asserting a privilege. According to WRC, it should be permitted to object by way of an "opposition memorandum," and it should be given notice and an opportunity to be heard prior to the issuance of the summons. Neither decisional law nor rule 17 supports such a result. The plain language of rule 17 provides that "[t]he court on motion may quash or modify the summons if compliance would be unreasonable or oppressive or if the summons is being used to subvert the provisions of [Mass. R.Civ.P. 14, 378 Mass. 874 (1979)]." Legitimate objections brought pursuant to a motion to quash may be wide ranging and may properly include objections to the general "lawfulness of the command to produce and other issues." *Commonwealth* v. *Rodriguez,* 426 Mass. 647, 648 (1998). WRC's challenge to the relevancy of materials readily falls within the reach of an appropriate objection set forth in a motion to quash, and the filing of such a motion is no more oppressive or burdensome than filing an "opposition memorandum." In any event, WRC's objection to the issuance of the summons in this case has been treated as though it was properly raised below.

Similarly unavailing is WRC's claim that it ought to have been afforded notice and an opportunity to be heard *before* the summons was issued. As noted above, the language of rule 17 describing the procedure by which an objection to a summons may be lodged makes clear that objections are only available after the issuance of the summons. See *Commonwealth* v. *Fuller*, 423 Mass. 216, 220 n.3 (1996); *Commonwealth* v. *Neumyer*, 432 Mass. 23, 30, 34-35 (2000) (subpoena received by third-party sufficient notice; subsequent hearing provided adequate opportunity to be heard); *Commonwealth* v. *Lampron*, 441 Mass. at 271-272; *Commonwealth* v. *Lam*, 444 Mass. at 232, n.10.

The judgment of contempt is affirmed.

*So ordered.*