# RESCRIPT OPINIONS.

DARLA LENARDIS vs. COMMONWEALTH. August 5, 2008. *Supreme Judicial Court,* Appeal from order of single justice. *Moot Question. Evidence,* Buccal swab.

The petitioner, Darla Lenardis, appeals from a judgment of a single justice of this court denying her petition under G. L. c. 211, § 3. We dismiss the appeal as moot.

Lenardis is a witness in an ongoing criminal proceeding in the Superior Court, Commonwealth vs. Figueroa, Suffolk Superior Court No. 2007-10521. The defendant in that case is charged with murder in the first degree, and there is no dispute that Lenardis was present at the scene of the alleged crime. The Commonwealth moved for an order compelling Lenardis to furnish a sample of her deoxyribonucleic acid, specifically, a buccal swab. A Superior Court judge allowed the motion on May 16, 2008. Shortly thereafter, on May 22, Lenardis filed a G. L. c. 211, § 3, petition in the county court, seeking relief from the trial court order on the basis that the Commonwealth had not demonstrated, as it must, that "the sample will probably provide evidence relevant to the question of the defendant's guilt." *Commonwealth* v. *Draheim,* 447 Mass. 113, 119 (2006). A motion was also filed to stay the taking of the buccal swab, which was allowed until May 21 and later extended to May 29. On May 28, 2008, the single justice denied Lenardis's G. L. c. 211, § 3, petition without a hearing. The following day, May 29, Lenardis filed a notice of appeal. The stay in the trial court was extended to June 4. Although Lenardis sought a further stay from this court, after filing her notice of appeal, that motion was denied. On June 9, Lenardis provided a buccal swab.

The issue before us — the validity of the order that Lenardis provide a buccal swab — is moot because Lenardis has complied with the order. See *Rasten* v. *Northeastern Univ.,* 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001). Furthermore, even if Lenardis had not yet provided the swab and the case were before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), we would not disturb the single justice's ruling. Rule 2:21 requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Lenardis cannot make such a showing. The source of authority to compel a nonparty to provide a buccal swab flows from Mass. R. Crim. P. 17 (a) (2), 378 Mass. 885 (1979). See *Commonwealth* v. *Draheim, supra; Jansen, petitioner,* 444 Mass. 112, 116-117 (2005). A nonparty directed to provide evidence pursuant to that rule can challenge the propriety of the order by refusing to comply with it and appealing from any order of contempt that results. See, e.g., *Commonwealth* v.

*Caceres*, 63 Mass. App. Ct. 747, 747-748 (2005). See also *Commonwealth* v. *Bing Sial Liang*, 434 Mass. 131, 133 (2001), citing *Application of O'Brien*, 403 Mass. 1005, 1006 (1988) (discovery orders generally not appealable because witness who asserts privilege can decide not to comply and obtain review from sanction for noncompliance).

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Mark W. Shea* for the petitioner.