PAUL L. MUCKLE *vs.* COMMONWEALTH. November 13, 2009. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Paul L. Muckle appeals from a judgment of a single justice of this court denying his petition for relief under G. L. c. 211, § 3. We affirm.

Muckle seeks relief from a preliminary injunction issued in a civil action in the Housing Court. He also appears to be challenging other interlocutory rulings in that case and in a criminal case arising from the same allegations. He argues that the standards for a preliminary injunction were not met and that the issuance of the preliminary injunction in the civil case deprived him of a jury trial in the criminal case. After the preliminary injunction was granted, he filed a petition for relief pursuant to G. L. c. 231, § 118, first par. A single justice of the Appeals Court denied the petition. Muckle's G. L. c. 211, § 3, petition followed.

The case is before us on Muckle's memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a petitioner to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." At this juncture, our focus is not on the merits of any ruling made by the Housing Court judge, but on the availability of other remedies. Muckle has not met his burden under the rule. It is clear that he had adequate alternative means to obtain appellate review. In particular, he had the right to take an immediate interlocutory appeal to a panel of the Appeals Court from the order granting the preliminary injunction.[1] G. L. c. 231, § 118, second par. To the extent that Muckle purports to challenge any other interlocutory orders of the Housing Court in the civil case and in the criminal case,[2] he offers no reason why he cannot obtain adequate review in an ordinary appeal from a final judgment. As Muckle has not demonstrated the absence of adequate alternative remedies, the single justice did not abuse her discretion or commit any other error of law in denying extraordinary relief.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Paul L. Muckle,* pro se.

---

[1]The Housing Court docket indicates that a notice of appeal was filed.

[2]In his memorandum filed pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), Muckle requests other relief, namely, the entry of judgment in his favor in the criminal case for lack of prosecution, an order that the Housing Court judge be recused, and vacatur of an order dismissing a counterclaim in the civil action. These requests do not appear to have been before the single justice and therefore are not properly before this court.