CHISOM O. AZUBUKO *vs.* COMMONWEALTH. February 20, 2013. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Assistance of counsel, Defendant pro se.

Chisom O. Azubuko filed, pro se, a document in the county court entitled "Defendant-Appellant's Interlocutory Appeal on Confrontation Clause With a Known Confidential Informant — Sixth Amendment — [MCAP 15]." This apparently relates to a criminal case in which he is represented by counsel that is pending against him in the Dorchester Division of the Boston Municipal Court Department (District Court). The document is disorganized and difficult to decipher. It was not accompanied by copies of any of the relevant papers from the District Court case. A single justice of this court denied relief without a hearing. We affirm.

We have thoroughly reviewed what was submitted to the single justice, as well as the additional material that has been submitted to the full court. There is no basis at all for disturbing the single justice's judgment denying relief. All of the interlocutory orders of the trial court that have been identified by Azubuko in his papers can adequately be reviewed, and remedied if appropriate, in a direct appeal after trial if Azubuko were to be convicted. In addition, Azubuko is represented by counsel in the District Court. Absent extraordinary circumstances, a party represented by counsel in pending criminal proceedings is not entitled to challenge interlocutory rulings pro se. See *Commonwealth* v. *Molino,* 411 Mass. 149, 152 (1991) ("no constitutional right . . . to 'hybrid representation,' that is, representation in part by counsel and in part by oneself"). There has been no showing whatsoever of any entitlement to, or need for, interlocutory appellate review in these circumstances.

Azubuko has failed to meet his most basic obligations as a petitioner in the county court and as an appellant in the full court. Among other things, his brief fails to contain adequate appellate argument and his record appendix contains numerous items that were not before the single justice. He is on notice that future filings that do not comply with the Rules of Appellate Procedure may subject him to sanctions, including the denial of oral argument and, possibly, the striking of his brief and dismissal of the appeal.

*Judgment affirmed.*

The case was submitted on briefs.

*Chisom O. Azubuko,* pro se.