NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-1576                                          Appeals Court

            COMMONWEALTH  vs.  CHRISTOPHER KOSTKA.


                        No. 13-P-1576.

        Suffolk.     May 9, 2014. - July 25, 2014.

            Present: Green, Meade, & Sullivan, JJ.


Contempt.  Practice, Criminal, Contempt.  Deoxyribonucleic Acid.
     Constitutional Law, Search and seizure. Search and Seizure,
     Buccal swab, Probable cause. Probable Cause.  Evidence,
     Buccal swab, Relevancy and materiality.




     Adjudication of contempt in the Superior Court Department
by Jeffrey A. Locke, J., on April 9, 2013.


     John H. Cunha, Jr., for the defendant.
     Teresa K. Anderson, Assistant District Attorney (Ursula A.
Knight, Assistant District Attorney, with her) for the
Commonwealth.


     GREEN, J.  In Commonwealth v. Draheim, 447 Mass. 113, 119

(2006), the Supreme Judicial Court held that "so long as the

Commonwealth satisfies the requirements of both the Fourth

Amendment [to the United States Constitution] and Mass. R. Crim.

P. 17(a)(2), 378 Mass. 885 (1979), it should be permitted the

same access as defendants to potentially beneficial evidence from third parties," including third parties who are not suspects in a crime.  Accordingly, in Draheim, the Commonwealth was allowed to obtain saliva samples from two alleged male victims of alleged statutory rapes and from two children borne by the defendant, in order to allow deoxyribonucleic acid (DNA) testing to determine whether either of the alleged victims had fathered either child.

This appeal presents a variation on the theme.  Christopher Kostka (Christopher) is the twin brother of Timothy Kostka (Timothy), who has been indicted on charges of murder in the first degree and armed home invasion, arising from the stabbing death of Barbara Coyne.  The Commonwealth obtained an order from the Superior Court compelling Christopher to provide a buccal swab to allow the Commonwealth to determine whether Timothy and Christopher are identical or fraternal twins.  If (as the Commonwealth anticipates) DNA testing establishes that the two are fraternal twins, the Commonwealth proposes to use the test results to establish that biological material recovered from the victim's fingernails must have been contributed by Timothy (and, in particular, to exclude Christopher as a possible contributor).  Christopher appeals from a judgment of contempt entered in the Superior Court, following his refusal to comply with the order.  See Lenardis v. Commonwealth, 452 Mass. 1001,

1001 (2008) ("A nonparty directed to provide evidence pursuant to [Mass.R.Crim.P. 17(a)(2), 378 Mass. 885 (1979),] can challenge the propriety of the order by refusing to comply with it and appealing from any order of contempt that results").  For the reasons that follow, we discern no error in the issuance of the order compelling Christopher to provide a buccal swab, and accordingly we affirm the judgment.

Background.  At approximately 10:00 A.M. on the morning of April 16, 2012, Richard Coyne discovered his sixty-seven year old mother Barbara on the floor of her bedroom, bleeding profusely.  Emergency responders transported her to Boston Medical Center, where she died at 10:37 A.M.  An autopsy revealed that multiple stab wounds caused her death.  A swab of her hands and fingernails yielded biological material, which DNA testing revealed to have come from two or more individuals.[1,2]

Investigation of the crime scene yielded, among other forensic evidence linking Timothy to the crime, bloody fingerprints matching Timothy's on an overturned jewelry box in the victim's bedroom.  In addition, videotape obtained from a

---

[1] The victim is included as a possible contributor to the mixture.

[2] A supplemental affidavit of criminalist Joseph Ross, submitted after the entry of the judgment of contempt and included in the record upon allowance by the Superior Court judge of the Commonwealth's motion to expand the record, discloses that "Timothy Kostka is partially included and unable to be excluded as a possible contributor to the mixture."

nearby corner store showed Timothy engaging in a transaction at a lottery machine at approximately 10:03 A.M.; information obtained from the Massachusetts State Lottery Commission thereafter revealed that winning lottery tickets cashed at the store at that time were consistent in game and book number to other tickets gathered as evidence from the victim's home.

As observed in the introduction, Timothy and Christopher are twin brothers. The Commonwealth believes that they are fraternal twins. Indeed, Christopher testified before the grand jury that he and Timothy are fraternal twins.[3] However, in the affidavit of criminalist Joseph Ross submitted in support of the Commonwealth's motion to compel, Ross explains that

> "if Timothy Kostka and Christopher Kostka are actually identical twins, they would share the same DNA profile. If it is determined that they have different DNA profiles, then it can be inferred that they are not identical twins."[4]

---

[3] The record includes no evidence regarding the twins' physical resemblance to one another, though various comments made by counsel at the hearing on the Commonwealth's motion to compel suggest that they are different in appearance. There is, however, no basis on the present record to determine the extent of any difference in their appearance, and no expert opinion or other evidence explaining the significance of differences in appearance in determining whether twins are identical or fraternal.

[4] In his supplemental affidavit, see note 2, supra, Ross asserts that "[c]omparison of [Timothy's and Christopher's] DNA profiles is the only way to conclude whether they are identical or fraternal twins." The record contains no evidence suggesting otherwise.

See Commonwealth v. Curnin, 409 Mass. 218, 218 n.1 (1991) ("The DNA of each person, except for identical twins, is unique . . . ").

In a thoughtful and detailed written memorandum of decision, a judge of the Superior Court allowed the Commonwealth's motion to compel Christopher to provide a saliva sample, finding that "the only definitive way the Commonwealth can establish that Timothy Kostka and Christopher Kostka are truly fraternal twins and not identical twins is through DNA testing" and that a determination that Timothy Kostka's DNA is unique is highly relevant to the question of his guilt. Upon Christopher's refusal to comply with the order compelling him to provide a saliva sample, a judgment of contempt entered and this appeal followed.[5]

Discussion. In Commonwealth v. Draheim, 447 Mass. at 118, the Supreme Judicial Court considered the "novel question . . . whether or in what circumstances the Commonwealth can obtain a sample of physical evidence from the body of a third party" not suspected of a crime.[6] The court held that, where

---

[5] A single justice of this court stayed execution of Christopher's sentence pending the appeal. See Matter of a Grand Jury Subpoena, 411 Mass. 489, 498-499 (1992).

[6] The question was identified, but left open, in Jansen, petitioner, 444 Mass. 112, 120-121 (2005), overruled in part on other grounds by Commonwealth v. Dwyer, 448 Mass. 122, 140 n.22 (2006), in which the court affirmed an order allowing the

third parties rather than suspects are involved, in order to respect their constitutional rights "the Commonwealth must show probable cause to believe a crime was committed, and that the sample will probably provide evidence relevant to the question of the defendant's guilt. . . . Additional factors concerning the seriousness of the crime, the importance of the evidence, and the unavailability of less intrusive means of obtaining it are germane." Id. at 119.

The Superior Court's order reflects correct application of the Draheim standard. "In this case, the Commonwealth's burden to show probable cause that a crime has been committed is easily met because [Timothy] has been indicted." Ibid. The Commonwealth's burden to "prove additionally that the saliva samples will probably provide evidence relevant to [Timothy's] guilt," ibid., is met by the judge's findings that "the only definitive way the Commonwealth can establish that Timothy Kostka and Christopher Kostka are truly fraternal twins and not identical twins is through DNA testing"[7] and that determination that Timothy's DNA is unique as a contributing source of the DNA recovered from the crime scene is relevant to the question of

_____

defendant in a criminal case to obtain a buccal swab from a third party for the purpose of developing evidence thought to be exculpatory of the defendant.

[7] The defendant does not argue that this finding is clearly erroneous, and it finds support in the record in the uncontroverted Ross affidavit and supplemental affidavit.

Timothy's guilt.  Finally, the judge considered the influence of the additional factors of "the seriousness of the crime, the importance of the evidence, and the unavailability of less intrusive means of obtaining [the evidence]," <u>Commonwealth</u> v. <u>Draheim</u>, <u>supra</u>, observing that the crimes of armed home invasion and murder are unquestionably serious, that the evidence is plainly important to determine whether Timothy and Christopher are fraternal or identical twins, and that DNA testing is the only means to do so.  There was no error in the allowance of the Commonwealth's motion to compel; accordingly, entry of the judgment of contempt on Christopher's refusal to comply with the order compelling him to provide a buccal swab was appropriate.

<u>Judgment of contempt affirmed</u>.