NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12217


CURTIS HOWELL  vs.  BROCKTON DIVISION OF THE DISTRICT COURT DEPARTMENT.


Supreme Judicial Court, Superintendence of inferior courts.


May 3, 2017.


Curtis Howell appeals from a judgment of the county court in which the single justice declined to grant his petition for relief under G. L. c. 211, § 3.  His petition and other papers, which are disorganized and difficult to decipher, apparently relate to proceedings to evaluate his competency to stand trial on criminal charges in the District Court.  We affirm.

The case is before us on Howell's memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  Howell has not carried his burden under the rule.  In his memorandum, rather than demonstrating that the District Court judge has made a ruling that cannot be remedied in the ordinary appellate process or by other means, he presses an unsubstantiated claim that he has been subjected to unlawful surveillance since childhood by means of an implanted device. In particular, he does not offer any reason why G. L. c. 123, § 17, which permits any person found incompetent to stand trial to petition the court at any time for a competency hearing, does not afford adequate review of a determination of incompetency. Moreover, we have thoroughly reviewed the papers submitted to

the single justice and find no basis to disturb her determination that Howell is not entitled to relief.[1]

<u>Judgment affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Curtis Howell</u>, pro se.

---

[1] There is some suggestion that Howell may have been represented by counsel in the District Court.  He proceeded pro se in the county court.  "Absent extraordinary circumstances, a party represented by counsel in pending criminal proceedings is not entitled to challenge interlocutory rulings pro se." <u>Azubuko</u> v. <u>Commonwealth</u>, 464 Mass. 1014, 1014 (2013), citing <u>Commonwealth</u> v <u>Molino</u>, 411 Mass. 149, 152 (1991).