NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12288


 JAMES MARTIN  vs.  SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT.


August 18, 2017.


Supreme Judicial Court, Superintendence of inferior
     courts.  Attorney at Law, Disqualification.  District
     Attorney.


     The petitioner, James Martin, appeals from a judgment of a
single justice of this court denying his petition pursuant to
G. L. c. 211, § 3.  We affirm.

     Martin, an attorney with a practice in the Springfield
area, has been indicted by a Hampden County grand jury on
charges of rape, in violation of G. L. c. 265, § 22 (b), and
indecent assault and battery, in violation of G. L. c. 265,
§ 13H.  He filed a motion to disqualify the Hampden County
district attorney's office from prosecuting the case on the
basis that it would constitute a conflict of interest because he
has worked closely with that office in resolving cases for a
number of years.  After a judge in the Superior Court denied the
motion, Martin filed his G. L. c. 211, § 3, petition in the
county court.  A single justice denied the petition without a
hearing.

     The case is now before us pursuant to S.J.C. Rule 2:21, as
amended, 434 Mass. 1301 (2001), which requires a showing that
"review of the trial court decision cannot adequately be
obtained on appeal from any final adverse judgment in the trial
court or by other available means."  S.J.C. Rule 2:21 (2).
Martin has not made, and cannot make, such a showing.  Although
Martin argues that allowing the Hampden County district
attorney's office to prosecute the case will violate his

constitutional rights to a fair and impartial trial, and that it will be "too late" if the disqualification issue is not addressed prior to his trial, the ruling on the disqualification issue is the very type of ruling that is routinely reviewed on appeal from a conviction.  See Luke v. Commonwealth, 460 Mass. 1002, 1002-1003 (2011), citing Commonwealth v. Colon, 408 Mass. 419, 429-432 (1990).  There is no reason why that is not also so here.  The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

Judgment affirmed.


The case was submitted on the papers filed, accompanied by a memorandum of law.

Alan J. Black for the petitioner.