The case was submitted on the papers filed, accompanied by a memorandum of law.
**1022 Marc Aldana appeals from a judgment of the county court denying his petition for relief under G. L. c. 211, § 3. Aldana was indicted on charges of home invasion and other offenses. The Commonwealth moved for an order requiring him to submit a buccal swab for purposes of deoxyribonucleic acid **1023 testing. A judge in the Superior Court allowed the motion. Aldana's G. L. c. 211, § 3, petition sought relief from that ruling. The single justice denied relief without a hearing, stating that Aldana, if convicted, has an adequate, alternate remedy in the normal appellate process. The single justice also denied Aldana's subsequent motion for an emergency stay.
The case is before us on Aldana's memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). In his memorandum, Aldana states that the buccal swab has since been taken, and he acknowledges that his request for relief is moot. We agree that Aldana's "challenge to the Superior Court order has become moot, as that order has been fully carried out." Matter of a Grand Jury Investigation, 477 Mass. 1012, 1012, 74 N.E.3d 1258 (2017), citing Lenardis v. Commonwealth, 452 Mass. 1001, 1001, 891 N.E.2d 674 (2008). Moreover, Aldana does not suggest that the matter is capable of repetition, yet evading review. The appeal must be dismissed.
*593 Aldana would fare no better if we were to consider his rule 2:21 memorandum on its merits. The rule requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). "At this juncture, our focus is not on the merits of any ruling made by [a Superior] Court judge, but on the availability of other remedies." Luke v. Commonwealth, 460 Mass. 1002, 1002, 949 N.E.2d 434 (2011), quoting Muckle v. Commonwealth, 455 Mass. 1008, 1008, 916 N.E.2d 760 (2009). Aldana has not carried his burden under the rule. In his memorandum, he argues primarily that he is entitled to relief on the merits (as to which we express no view) and only briefly asserts that he has suffered irremediable harm.[1] Our law is to the contrary. First, "the taking of a buccal swab itself, without more, is not a substantial bodily intrusion warranting interlocutory review under G. L. c. 211, § 3.... While the taking of a buccal swab implicates 'the protections afforded by the Fourth Amendment to the United States Constitution against unreasonable searches and seizures,' ... it is, without more, not so significant an intrusion as to render the intrusion irreparable through the normal process of appeal." Commonwealth v. Bertini, 466 Mass. 131, 138-139, 993 N.E.2d 654 (2013). Second, "any harm resulting from the evidentiary use to which the swabs might be put is [also] fully remediable on appeal." Id. at 138, 993 N.E.2d 654. In these circumstances, the single justice did not err or abuse his discretion by denying relief.[2]
Appeal dismissed.
In addition, Aldana makes new requests for relief in his memorandum that were not before the single justice. They are not properly before us, and we do not consider them.
There are additional reasons not to disturb the judgment of the single justice. Aldana's record appendix does not comply with the rule, as it omits his G. L. c. 211, § 3, petition and the Commonwealth's opposition. S.J.C. Rule 2:21 (2) ("[t]he appeal shall be presented ... on the papers filed in the single justice session"). See Bishay v. Land Court Dep't of the Trial Court, 477 Mass. 1032, 1033 n.2, 81 N.E.3d 292 (2017). It also appears that Aldana has been represented by counsel in the Superior Court at all times. He is therefore not entitled to challenge interlocutory rulings pro se, as he has done here and before the single justice. Azubuko v. Commonwealth, 464 Mass. 1014, 1014, 983 N.E.2d 707 (2013), citing Commonwealth v. Molino, 411 Mass. 149, 152, 580 N.E.2d 383 (1991).