NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13448

LUIS E. ORTIZ  vs.  COMMONWEALTH.


September 14, 2023.


Supreme Judicial Court, Superintendence of inferior courts.
     Deoxyribonucleic Acid.  Evidence, Buccal swab.  Practice,
     Criminal, Contempt.


     Luis E. Ortiz (petitioner) appeals from a judgment of the
county court denying, without a hearing, his petition for
extraordinary relief under G. L. c. 211, § 3.  We affirm.

     The petitioner and his brother, Luis M. Ortiz (Luis M.),
have been indicted for aggravated rape of a child, and Luis M.
has also been indicted for indecent assault and battery of a
child under fourteen.[1]  On the Commonwealth's motion, a judge in
the Superior Court ordered the petitioner to provide a buccal
swab sample of his deoxyribonucleic acid (DNA) for use in the
prosecution of Luis M.  The petitioner refused to comply with
that order and was held in contempt by the same judge.  He then
filed his G. L. c. 211, § 3, petition seeking relief from the
order that he provide a DNA sample.

     The petitioner has filed a memorandum and appendix pursuant
to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which
requires him to "set forth the reasons why review of the trial
court decision cannot adequately be obtained on appeal from any
final adverse judgment in the trial court or by other available
means."  The petitioner has not done so.  The petitioner has an
adequate alternative remedy, namely, an appeal to the Appeals

_____

     [1] Both the petitioner and Luis M. filed motions to sever
their indictments from each other.  As yet, it does not appear
that those motions have been decided.

Court from the order of contempt.[2]  See <u>Lenardis</u> v. <u>Commonwealth</u>, 452 Mass. 1001, 1001-1002 (2008), citing <u>Commonwealth</u> v. <u>Caceres</u>, 63 Mass. App. Ct. 747, 747-748 (2005).  The single justice neither erred nor abused his discretion by denying relief under G. L. c. 211, § 3.

<u>Judgment affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Christopher DeMayo</u> for the petitioner.

---

[2] As the order holding the petitioner in contempt was issued in October 2022, it is not too late for the petitioner to move in the Appeals Court for an enlargement of time to file a notice of appeal.  See Mass. R. A. P. 14 (b), as appearing in 481 Mass. 1626 (2019) (enlargement of time to file notice of appeal limited to "[one] year from the date of entry of the . . . order sought to be reviewed").