**UNITED STATES of America**

v.

**John GIKAS, Akis Gikas, Evangelos Gikas, Steve Andreadakis.**

**Crim. Nos. 85–474–C–01, 85–474–C–02, 85–474–C–03 and 85–474–C–04.**

United States District Court, D. Massachusetts.

Sept. 26, 1986.

Richard G. Stearns, Asst. U.S. Atty., Boston, Mass., for plaintiff.

John Wall, Cullen & Wall, Boston, Mass., for defendants.

ORDER ON DEFENDANTS' MOTION FOR PRE–TRIAL SUBPOENA TO ISSUE FOR THE AUDIT AND TAX WORKING PAPERS AND POLICY AND PROCEDURE MANUALS OF ARTHUR YOUNG AND COMPANY RELATING TO ASTER ENGINEERING CORPORATION'S FEDERAL AND STATE INCOME TAX RETURNS FOR YEARS 1981—1984 (# 30)

ROBERT B. COLLINGS, United States Magistrate.

The defendants are charged with conspiring to defraud the United States by impeding, impairing, obstructing and defeating the function of the Internal Revenue Service in the ascertainment and collection of income taxes for Aster Engineering Company. Specifically, it is alleged that the defendants fraudulently inflated the business expenses of the corporation so that the corporation's taxable income would be less and misled Arthur Young & Company, the accounting firm which prepared the corporation's tax returns, by representing that the inflated business expenses were genuine and legitimate. The scheme is alleged to have involved the issuance of checks to fictitious payees and the creation of false backdated invoices knowing that the invoices would be used by Arthur Young & Company as the basis for deductions on the corporation's federal tax returns. John Gikas is charged with subscribing to false income tax returns on behalf of the corporation for the years 1981, 1982 and 1983 and the defendants Akis Gikas, Evangelos Gikas and Steve Andreadakis are charged with aiding and abetting the filing of the false 1981 return and the defendants Akis Gikas, Evangelos Gikas, Steve Andreadakis and Christos Fatouros are charged with aiding and abetting the filing of the false 1982 and 1983 returns.

The defendants John Gikas, Akis Gikas, Evangelos Gikas and Steve Andreadakis have filed a motion for leave to file a pre-trial subpoena *duces tecum* on Arthur Young and Company pursuant to Rule 17(c), F.R.Crim.P. which would command Arthur Young & Company to produce the following:

Audit and tax working papers supporting the audited financial statements, tax returns and/or amended tax returns for the years ending December 31, 1981—1984 for Aster Engineering Corporating (sic) including but not limited to:

(1) "grouping sheets" used in preparation of federal and state income tax returns;

(2) tax return preparation check list;

(3) tax correspondence and memoranda for the file;

(4) reconciliation of book and taxable income;

(5) preparer's comments and research notes;

(6) inventories;

(7) accounts receivable;

(8) accounts payable and accruals;

(9) officer's loans;

(10) long-term debt;

(11) all Arthur Young Policy and Procedure Manuals including but not limited to:

> (a) Firm and Industry Guidance;

> (b) Audit Manuals from 1980 to present including all revisions.

Arthur Young & Company has filed an opposition to the motion.

In *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), the Supreme Court summarized the law with respect to an application to issue a subpoena before trial in a criminal case pursuant to Rule 17(c), F.R.Crim.P. The Court wrote:

> A subpoena for documents may be quashed if their production would be "unreasonable or oppressive" but not otherwise. The leading case in this Court is *Bowman Dairy Co. v. United States*, 341 U.S. 214 [71 S.Ct. 675, 95 L.Ed. 879] (1951). This case recognized certain fundamental characteristics of the subpoena *duces tecum* in criminal cases: (1) it was not intended to provide a means for discovery in criminal cases, *id.*, at 220 [71 S.Ct. at 678]; (2) its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of subpoenaed materials, *ibid.* ... [C]ases decided in the wake of *Bowman Dairy* have generally followed Judge Weinfeld's formulation in *United States v. Iozia*, 13 F.R.D. 335, 338 (SDNY 1952), as to the required showing. Under this test, in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a "fishing expedition." (footnotes omitted)

*United States v. Nixon, supra,* 418 U.S. at 699–701, 94 S.Ct. at 3103–04 (1974).

The First Circuit has approved the *Iozia* test. *United States v. Lieberman*, 608 F.2d 889, 904 (1st Cir.1979).

In applying this test, the first point to note is that Arthur Young & Co. has already provided the defendants with certain of the documents which they seek by subpoena. Specifically, Arthur Young represents that it has provided the defendants with the Federal tax returns for the years 1981, 1982 and 1983 as well as the "grouping sheets" which are supporting documentation for the tax returns. Audit workpapers have also been produced. Arthur Young represents that these are all the documents which were the subject of a Grand Jury subpoena *duces tecum* in this matter. As to these items, it can hardly be said that they are not otherwise procurable.

The second point to note is that Arthur Young & Company resigned as auditors for Aster Engineering in December, 1983 so that no documents exist relative to the filing of the 1984 tax returns.

With respect to the documents which are sought and which exist and have not been produced, I find that the defendants have failed to show that the documents are relevant and evidentiary, failed to show that they cannot prepare for trial without such production, and failed to show that the request for the subpoena is not a "fishing expedition". The indictment alleges that the income tax returns were false because the defendants gave Arthur Young & Company false invoices and false information respecting business expenses which resulted in deductions from corporate income to which the corporation was not entitled. Presumably, the Government has produced to the defendants the documents which are alleged to have been false. I cannot, on these facts, fathom how any of the items which the defendants seek from Arthur

Young & Company which they have not already received are relevant to the case, of evidentiary value, or needed to prepare for trial. For example, I can see no relevance to documents relative to "inventories", "accounts receivable", "accounts payable", "officer's loans", "long-term debt", or Arthur Young's internal manuals considering what is alleged in the indictment. All the plaintiffs offer are conclusory statements that they are relevant; this is not enough. It has been held that a defendant must show more than a "mere hope" that something of value might turn up in the documents. *United States v. Cuthbertson,* 630 F.2d 139, 146 (3rd Cir.1980), *cert. denied* 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981) citing *Gilmore v. United States,* 256 F.2d 565, 568 (2nd Cir., 1958) and *United States v. Maloney,* 37 F.R.D. 441 (W.D.Pa., 1975).

While it is true that the allegations of the indictment are not to be taken as true for the purposes of ruling on discovery matters, the allegations of the indictment are what the defendants have to prepare to defend against. In order to meet the requirements for the issuance of a subpoena pursuant to Rule 17(c), F.R.Crim.P., the defendants must, therefore, present some facts demonstrating that the materials sought are relevant and of evidentiary value to a defense against the allegations. This the defendants have failed to do.

Accordingly, it is ORDERED that Defendants' Motion For Pre-Trial Subpoena To Issue For The Audit And Tax Working Papers And Policy And Procedure Manuals Of Arthur Young And Company Relating To Aster Engineering Corporation's Federal And State Income Tax Returns For Years 1981—1984 (# 30) be, and the same hereby is, DENIED without prejudice.

The reason for the denial without prejudice is that the defendants, at the hearing on the motion, stated that if the Court determined that the requisite showing had not been made, they would consider filing a motion to be permitted to submit materials *in camera* which they claim would meet the requirements for the issuance of the subpoena pursuant to Rule 17(c), F.R. Crim.P. Thus, the denial without prejudice will enable to the defendants to file a second motion for the issuance of a subpoena *duces tecum* to Arthur Young & Company seeking only those documents as to which they are able to make the required showing accompanied by a motion to be permitted to make the required showing by submitting materials to be inspected only on an *in camera* basis.