COMMONWEALTH *vs.* RICHARD LAMPRON.

Suffolk. January 6, 2004. - March 19, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & SOSMAN, JJ.

*Rape. Administering Drug with Intent of Facilitating Unlawful Sexual Intercourse. Evidence,* Production on demand, Privileged communication, Medical record, Communication between patient and psychotherapist, Communication with social worker, Relevancy and materiality. *Privileged Communication. Doctor,* Privileged communication. *Psychotherapist. Social Worker. Subpoena. Practice, Criminal,* Subpoena duces tecum.

This court concluded that where a criminal defendant made a motion for the issuance of a summons to produce records under Mass. R. Crim. P. 17 (a) (2), 378 Mass. 885 (1979), the affidavit supporting the motion could contain hearsay, but the affidavit was required to identify the source of the hearsay, which had to be reliable, and the affidavit was also required to establish with specificity the relevance of the requested documents. [267-271]

A single justice of the county court did not abuse his discretion in denying the Commonwealth's petition for an interlocutory appeal from a Superior Court judge's order allowing a criminal defendant's motion for inspection of records of medical, psychiatric, and social service institutions relating to the treatment of the alleged victim, where the Superior Court judge acted within his discretion in allowing the motion even though the affidavit supporting it (from the defendant's attorney) was not from a person with personal knowledge of the facts stated therein, but contained facts that were within the personal knowledge of the attorney's sources, and the information in the affidavit appeared sufficiently reliable. [271]

CIVIL ACTION filed in the Supreme Judicial Court for the county of Suffolk on July 22, 2002.

The case was heard by *Cordy,* J.

*David F. Capeless,* Assistant District Attorney, for the Commonwealth.

*Lee D. Flournoy* for the defendant.

SPINA, J. The Commonwealth filed a petition under G. L. c. 211, § 3, seeking relief from the order of a Superior Court judge for production of treatment records of an alleged rape victim. The basis on which relief was sought was that defense

counsel's affidavit in support of the motion for inspection of records was not based on his personal knowledge, but on hearsay statements of the defendant and others. A single justice denied the Commonwealth's petition for relief, and the Commonwealth appealed to the full court. The issue on appeal is whether the single justice abused his discretion by denying relief to the Commonwealth from the Superior Court judge's order allowing the defendant's motion for inspection of records of medical, psychiatric, and social service institutions relating to treatment of the alleged victim. We hold that there was no abuse of discretion.

1. *Background.* The defendant was indicted on four charges of aggravated rape and one charge of administering a drug with an intent to stupefy or overpower to enable sexual intercourse. Counsel for the defendant issued subpoenas duces tecum to his office the records of several medical, psychiatric, and social services providers relating to their treatment of the alleged victim. The providers asserted that the records were privileged. The Commonwealth learned of counsel's efforts and filed a motion to quash the subpoenas. A judge in the Superior Court quashed the subpoenas because defense counsel had failed to obtain prior judicial approval.[1] See Mass. R. Crim. P. 17, 378 Mass. 885 (1979). The order to quash was "without prejudice to [the defendant's] seeking the records at issue following compliance with the *Bishop-Fuller* protocol." *Commonwealth* v. *Bishop*, 416 Mass. 169, 181 (1993). *Commonwealth* v. *Fuller*, 423 Mass. 216, 226 (1996). The defendant then filed a motion for inspection of the same records that were the subject of the quashed subpoena. The motion was accompanied by the affidavit of defense counsel.

Defense counsel's affidavit contains statements to the effect that the defendant has knowledge of the alleged victim's history of drug and alcohol abuse; that she had voluntarily used drugs during the alleged rape; that she had been transported by the defendant and subsequently was admitted to a psychiatric facil-

---

[1]Defense counsel may not, without prior judicial approval, subpoena persons or documents to his office. Cf. *Commonwealth* v. *Smallwood*, 379 Mass. 878, 887 & n.3 (1980) (improper for prosecutor to subpoena witness for interview unless authorized to do so).

ity because of anxiety about her relationship with the defendant; that the defendant had observed over a two-year period the alleged victim's pattern of consensual participation in drug use and sexual conduct with multiple partners; and that the defendant had personal knowledge of her termination of three pregnancies. The affidavit also contained assertions that the records being sought likely contained information relevant to the alleged rape on such issues as consent and the victim's state of mind, and that they would likely contain information relevant to the victim's motive to fabricate. Although counsel's affidavit does not specifically identify all of the individuals who were the source of the information therein, it states that the affidavit is based on defense counsel's conversations with persons who had personal knowledge, including the defendant himself. After a hearing, the records were ordered produced.

2. *Discussion.* The Commonwealth argues that the motion judge erred by allowing the motion for inspection of records because it was not supported by the affidavit of a person with personal knowledge of the facts stated therein. See Mass. R. Crim P. 13 (a) (2), 378 Mass. 871 (1979).[2] The defendant contends that defense counsel identified his sources with adequate specificity and showed a good faith basis for seeking production of records.

The judge's insistence on "compliance with the *Bishop-Fuller* protocol" necessarily involves rule 17 (a) (2) because the protocol is not implicated until the holder of the privilege or the keeper of the records asserts a privilege in response to an order for production and refuses to produce the records, see *Commonwealth* v. *Bishop, supra* at 181, or files a motion to quash based on a claim of privilege. The judge must then determine whether the records are privileged. *Id.*

Here, the *Bishop-Fuller* protocol has not yet been implicated because no privilege has been asserted in response to the judge's order, either by way of a "refusal" to comply or by way of a motion to quash. See *Commonwealth* v. *Oliveira,* 438 Mass.

[2]Rule 13 (a) (2) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 871 (1979), governs pretrial motions and requires that "an affidavit detailing all facts relied upon in support of the motion and signed by a person with personal knowledge of the factual basis of the motion shall be attached."

325, 333 (2002) (*Bishop-Fuller* protocol only triggered on assertion of privilege).[3] For the same reason, the relevancy determination that was made here was not that required under stage 2 of the *Bishop-Fuller* protocol, because no claim of privilege has yet been asserted before the court and there has not been any stage 1 determination that the records are in fact privileged. Rather, the relevancy determination made here is governed by rule 17 (a) (2), the rule that must be satisfied before any documents of any kind may be summonsed from nonparties. This case asks us to define the showing of relevance and clarify the procedure that is required under that rule. See *Pare* v. *Commonwealth*, 420 Mass. 216, 218 (1995) (potential invocation of *Bishop-Fuller* does not render compulsory rules of criminal procedure inapplicable).

Regardless of how a defendant styles his request, pursuit of documents and records in the possession of a nonparty must be considered and analyzed under rule 17 (a) (2) (summons for production of documentary evidence and objects). See *Application of a Grand Jury of N.Y.*, 8 Mass. App. Ct. 760, 767 (1979) ("summons" includes subpoena duces tecum). Rule 17 (a) (2) is silent as to the showing required before a summons for the production of documentary evidence and objects may issue. The rule states that the summons may be quashed or modified "if compliance would be unreasonable or oppressive or if the summons is being used to subvert the provisions of rule 14."[4] Mass. R. Crim. P. 17 (a) (2). See *Commonwealth* v. *Neumyer*, 432 Mass. 23, 34 (2000). We have not had occasion to consider the precise question, but we have said that before documents in the custody of a nonparty may be ordered produced, they must

[3]While the providers asserted a privilege in response to defense counsel's improper subpoena, that subpoena was quashed on other grounds. On a proper court order to produce records, privilege may again be asserted, thereby triggering stage 1 of the *Bishop-Fuller* protocol. The keeper of records as to which a privilege is to be asserted should *not* deliver the records to the court. Rather, after the privilege is asserted and pending application of the *Bishop-Fuller* protocol, the keeper of the records should await the further order of the court. Cf. *Commonwealth* v. *Fuller*, 423 Mass. 216, 226 (1996).

[4]Rule 14 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 874 (1979), governs pretrial discovery. Rule 14 does not apply here because the records sought are not within the control of the prosecution, or someone under the "control of the prosecutor."

be shown to be relevant. See *Commonwealth* v. *Wanis*, 426 Mass. 639, 643-645 (1998).

Because we have not previously considered the question, it is appropriate to look to the Federal analogue of rule 17 (a) (2), on which our rule was modeled, for interpretive guidance. See *Matter of a Grand Jury Subpoena*, 411 Mass. 489, 500 (1992). Under Fed. R. Crim. P. 17 (c), the party moving to subpoena[5] documents to be produced before trial must establish good cause, satisfied by a showing "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.' " *United States* v. *Nixon*, 418 U.S. 683, 699-700 (1974). A defendant is required to make a factual showing that the documents sought are relevant and have evidentiary value to the defense. *United States* v. *Gikas*, 112 F.R.D. 198, 201 (D. Mass. 1986). Potential relevance and conclusory statements regarding relevance are insufficient for a Federal rule 17 subpoena. See *United States* v. *Jackson*, 155 F.R.D. 664, 667-669 (D. Kan. 1994).[6] Like the Massachusetts rule, Fed. R. Crim. P. 17 is not a discovery tool. See *United States* v. *Nixon*, *supra* at 698. Because rule 17 is reserved for evidentiary materials that are likely to be admissible at hearing or at trial, see 2 C.A. Wright, Federal Practice and Procedure § 271 (3d ed. 2000); *Bowman Dairy Co.* v. *United States*, 341 U.S. 214 (1951), and not invoked merely for the exploration of potential evidence, the evidentiary standard of relevance applies. Under our rule 17 (a) (2), as under rule 17 of the Federal rules, the defendant must show that the documentary evidence sought has a "rational tendency to prove

[5]The term "summons" in the Massachusetts rule is synonymous with "subpoena" as used in Federal rule 17(c). See Reporters' Notes to Mass. R. Crim. P. 17, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1368 (Lexis 2003).

[6]The subpoena must extend only to the portions of the requested documents that are relevant to the matter. See *United States* v. *Dubrow*, 201 F. Supp. 101, 104 (D. Mass. 1962).

[or disprove] an issue in the case." *Commonwealth* v. *Fayer-weather*, 406 Mass. 78, 83 (1989), quoting *Commonwealth* v. *Chretien*, 383 Mass. 123, 136 (1981). Because our rule was modeled after Fed. R. Crim. P. 17 (c) and is intended to address the same circumstances, we adopt the standards articulated by the Federal courts regarding the issuance of a subpoena for production of documentary evidence.

We turn to the procedure for issuance of a summons for the production of documentary evidence and objects under rule 17 (a) (2). Although the rule authorizes a clerk to issue a summons for a trial or evidentiary hearing, a clerk has no authority to issue such process for attendance or production of documents *prior* to trial. Only a judge has that authority prior to trial, on the filing of a motion. See K.B. Smith, Criminal Practice and Procedure § 1559 (2d ed. 1983 & Supp. 2003). A judge's power under rule 17 (a) (2) includes the power to direct a nonparty to produce documentary evidence *prior* to trial to allow the parties to inspect such documents or objects in preparation of trial. See K.B. Smith, Criminal Practice and Procedure, *supra* at § 1559. The rule is intended to expedite trial proceedings by avoiding delay caused by the often onerous task of responding to a summons of documents. *Id.* See *Bowman Dairy Co.* v. *United States*, *supra* at 220 (Federal rule). This procedure must be followed whenever any documents, including documents likely to be privileged, are sought prior to trial. See *Commonwealth* v. *Bishop*, *supra* at 185-186 (judge properly denied defendant's motion for production of certain school records of victim which, though not privileged, had not been shown to be relevant).

Because a summons for production of documentary evidence and objects *prior* to trial must be sought by motion, the motion must be supported by affidavit. See Mass. R. Crim. P. 13 (a) (2) ("an affidavit detailing all facts relied upon in support of the motion and signed by a person with personal knowledge of the factual basis of the motion shall be attached"). The Commonwealth argues that defense counsel's affidavit failed to meet the requirements of rule 13 (a) (2) because it included facts that were not within the personal knowledge of counsel. We note, however, that a subpoena for documents in the possession of a

nonparty may be issued by a *prosecutor* over his or her own signature. See G. L. c. 277, § 68. In light of that fact, we are disinclined to give a hypertechnical reading to the requirement that an affidavit submitted by defense counsel in support of a defendant's motion for a summons for documentary evidence be made on personal knowledge, and conclude that the affidavit may contain hearsay. However, the affidavit must identify the source of the hearsay, the hearsay must be reliable, and the affidavit must establish with specificity the relevance of the requested documents. We are mindful that counsel are bound by an ethical standard of candor to the court. See Mass. R. Prof. C. 3.3, 426 Mass. 1383 (1998). We also note that some commentators have suggested this procedure. See Use of Subpoena Power, 1 Trying Sex Offense Cases in Massachusetts § 3A.4 (Mass. Continuing Legal Educ. 2001). This relaxation of the personal knowledge requirement of an affidavit in support of a pretrial motion under rule 17 (a) (2) does *not* extend to any other pretrial motion.

Although counsel's affidavit in this case does not contain facts within his personal knowledge, it appears to contain facts that are in the personal knowledge of counsel's sources. It is also apparent from the affidavit that his sources include the defendant. The information in the affidavit appears sufficiently reliable for the issuance of the summonses for documentary evidence, and the Commonwealth does not contend otherwise. The Commonwealth's only objection is that the information is hearsay. The Superior Court judge acted within his discretion in accepting this hearsay as reliable and ordering production. See *Commonwealth* v. *Wanis*, 426 Mass. 639, 642 (1998) (whether documents or records should be produced prior to trial is reserved to sound discretion of trial judge). Of course, the judge could have insisted, also within his discretion, that the affidavit more specifically identify the sources of the hearsay. Similarly, the single justice acted within his discretion in denying the Commonwealth's petition under G. L. c. 211, § 3.

We add that, although the defendant has met the requirements of rule 17 (a) (2), that entitles him only to the initial order for production of records. In the event privileges are asserted in

response to that order, the *Bishop-Fuller* protocol will be triggered. Nothing in our opinion today addresses the *Bishop-Fuller* protocol itself or expresses any opinion as to whether the defendant will be able to satisfy the requirements of that protocol.

*So ordered.*