COMMONWEALTH *vs.* RICHARD BUSHWAY. October 18, 2004. *Evidence,* Production on demand, Privileged communication, Medical record, Relevancy and materiality. *Privileged Communication. Practice, Criminal,* Interlocutory appeal, Affidavit.

The Commonwealth appeals from a judgment of a single justice of this court denying its petition for relief pursuant to G. L. c. 211, § 3. We affirm.

The defendant was indicted on several charges arising from the alleged rape and assault of a woman whom he met at a bar. Through various *Bishop-Fuller* motions filed in the Superior Court, he sought the production of certain medical treatment and Department of Social Services records of the complainant.

See *Commonwealth* v. *Fuller*, 423 Mass. 216, 225-227 (1996); *Commonwealth* v. *Bishop*, 416 Mass. 169, 181-183 (1993). Most of those motions were denied, for reasons not relevant here. One of them was allowed. The successful motion had requested essentially that the court follow the first three stages of the *Bishop-Fuller* protocol. The motion was supported by an affidavit from counsel, which presented facts drawn mostly from police reports, the complainant's criminal record, the grand jury minutes, and three unnamed witnesses with personal knowledge of the facts related. A judge in the Superior Court allowed the motion.

The judge took the initial step of issuing summonses to the keepers of records. Even before those summonses had issued, the complainant and at least one of the keepers of records asserted privileges. Two of the keepers of records appear to have delivered records to the Superior Court. All materials delivered to the court have been impounded.[1] The judge has not yet made any privilege determinations.

The Commonwealth filed a petition pursuant to G. L. c. 211, § 3, arguing that the attorney affidavit was insufficient to warrant issuance of the summonses, and insufficient to show the relevance necessary for in camera review of any records found to be privileged (stage two), because it was not based on the personal knowledge of the attorney.

In an order previously issued pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), we allowed this appeal to proceed in the regular course. "The issue on appeal is whether the single justice abused his discretion by denying relief to the Commonwealth from the Superior Court judge's order . . . ." *Commonwealth* v. *Lampron*, 441 Mass. 265, 266 (2004). We conclude that he has not.

With regard to the sufficiency of the attorney's affidavit for purposes of justifying issuance of the summonses, that question has been answered in favor of the defendant by this court's decision in *Commonwealth* v. *Lampron*, *supra* at 271 (attorney affidavit containing facts within personal knowledge of unnamed sources sufficient to show relevance of records to warrant summonsing them). For purposes of the present appeal, we need not consider whether the *Lampron* decision should be extended to allow a defendant to base a stage two proffer on hearsay contained in an attorney's affidavit. Here, the affidavit relied on information from many sources above and beyond the unnamed witnesses — police reports, the complainant's criminal record, and grand jury minutes. Viewing the entirety of the materials submitted in support of the defendant's proffer, the affidavit was sufficient to satisfy the relevance standard for purposes of stage two of the *Bishop-Fuller* protocol. Cf. *Commonwealth* v. *Neumyer*, 432 Mass. 23, 30 & n.10 (2000) (judge considered affidavit filed in support of motion for stage one privilege determination as

---

[1] In a case decided after the materials were delivered to the Superior Court, this court directed that "[t]he keeper of records as to which a privilege is to be asserted should *not* deliver the records to the court. Rather, after the privilege is asserted and pending application of the *Bishop-Fuller* protocol, the keeper of the records should await the further order of the court." (Emphasis in original.) *Commonwealth* v. *Lampron*, 441 Mass. 265, 268 n.3 (2004). See *Commonwealth* v. *Fuller*, 423 Mass. 216, 225-227 (1996); *Commonwealth* v. *Bishop*, 416 Mass. 169, 181-183 (1993).

basis for stage two relevancy determination). Accordingly, the single justice correctly denied relief.

*Judgment affirmed.*

*Christina E. Miller*, Assistant District Attorney, for the Commonwealth.
*Bruce R. Bono*, Committee for Public Counsel Services, for the defendant.