NELSON RODRIGUEZ *vs.* COMMONWEALTH. August 13, 2007. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Nelson Rodriguez appeals from a judgment of a single justice of this court denying his petition for relief under G. L. c. 211, § 3. We affirm.

Rodriguez is charged with assault and battery by means of a dangerous weapon and other crimes. Pursuant to the protocol we announced in *Commonwealth* v. *Dwyer*, 448 Mass. 122, 139-147 (2006), Rodriguez sought production of certain records held by a third party. The judge determined that Rodriguez had not made the threshold showing required by that protocol, see *id.* at 147-148 (Appendix) (concerning affidavit, hearing, and findings under *Commonwealth* v. *Lampron*, 441 Mass. 265 [2004]), and denied Rodriguez's motion. Rodriguez then moved that the records be marked for identification and brought into court for purposes of appellate review, i.e., for consideration in his direct appeal in the event that he is convicted. The judge denied that motion as well. The single justice denied Rodriguez's G. L. c. 211, § 3, petition on the ground that he had an adequate remedy in the ordinary appellate process.

The case is now before us on Rodriguez's memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires Rodriguez to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judg-

---

ment in the trial court or by other available means."[1] Rodriguez argues that appellate review from any conviction would be inadequate because, without access to the records, an appellate court would be unable to determine whether depriving Rodriguez of those records caused him any prejudice at trial. That is, although the appellate court might conclude solely on the basis of the affidavits that the judge erred in ruling that Rodriguez had not made a *Lampron* showing, the effect of that error could not be determined without examining the records themselves. As such, he argues, the appellate court would not be able to grant relief. We disagree.

Under the previous *Bishop-Fuller* protocol,[2] which was replaced by the *Dwyer* protocol, postconviction relief had been granted to defendants who established that they were improperly deprived of a summons directing production of a third party's documents. Such relief typically consisted of an order that the documents at issue be produced (subject to the confidentiality and protective order provisions of the *Bishop-Fuller* protocol) and examined to determine whether the defendant was entitled to a new trial. See *Commonwealth v. Pelosi*, 441 Mass. 257, 263-264 (2004) (remanding for further findings; "judge must allow the defendant access to the nonprivileged records, so that he may consider whether being deprived of them at trial made his trial unfair"); *Commonwealth v. Oliveira*, 431 Mass. 609, 615-616 (2000), *S.C.*, 438 Mass. 325 (2002) (remanding for examination of records by judge and for further motion for new trial). Rodriguez has not shown that similar postconviction relief could not be granted under the *Dwyer* protocol. Because this adequate alternative remedy is available to Rodriguez, the single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Joseph A. Hanofee* for the defendant.

*Judith Ellen Pietras*, Assistant District Attorney, for the Commonwealth.

---

[1]After Rodriguez filed his memorandum, we issued an order requesting the Commonwealth to submit a response.

[2]See *Commonwealth v. Fuller*, 423 Mass. 216 (1996); *Commonwealth v. Bishop*, 416 Mass. 169 (1993).

