WILLIAM H. WOLF vs. COMMONWEALTH. April 19, 2012. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Subpoena duces tecum. *Subpoena.*

The petitioner, William H. Wolf, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

---

Wolf was charged in a complaint with violating G. L. c. 266, § 120E ½ (reproductive health care facility buffer zone); G. L. c. 266, § 120 (trespass); and various municipal ordinances. Shortly before the scheduled trial date, he caused five subpoenas duces tecum to be issued. The Commonwealth moved to quash the subpoenas. After a judge in the District Court allowed the motion, Wolf filed his petition in the county court. The single justice summarily denied the petition.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Wolf has not made such a showing. He argues that the "evidence excluded by totally quashing" the subpoenas cannot be evaluated on appeal because it will not be a part of the record and that the matter therefore "becomes unreviewable from a final trial judgment." That is incorrect. We have held, in similar circumstances, that a defendant would be entitled to postconviction relief if he is able to establish that he was improperly deprived of a summons directing production of the records; and that such relief is adequate for G. L. c. 211, § 3, purposes. See *Rodriguez* v. *Commonwealth*, 449 Mass. 1029, 1030 (2007), and cases cited. Wolf has offered no reason why he would not be entitled to seek the same type of relief in an appeal from any adverse judgment.

The single justice did not err or abuse his discretion in denying relief pursuant to G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*William H. Wolf*, pro se.