NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-850                                            Appeals Court

COMMONWEALTH  vs.  DEREK HUNT.

No. 13-P-850.

Bristol.     May 7, 2014. - October 6, 2014.

Present:  Cypher, Kafker, & Hanlon, JJ.

Contempt.  Attorney at Law, Contempt.  Practice, Civil,
        Contempt, Attorney's fees, Moot case, Frivolous
        action.  Practice, Criminal, Subpoena, Affidavit,
        Discovery.  Rules of Criminal Procedure. Evidence,
        Privileged communication.  Privileged Communication.
        Moot Question.

Indictments found and returned in the Superior Court
Department on March 30, 2009.

Entry of a finding of contempt was ordered by Richard T.
Moses, J.

Christopher C. Trundy (Donald A. Brisson with him) for
Donald A. Brisson.
Matthew A. Kamholtz (Aviva E. Jeruchim with him) for Derek
Hunt.

HANLON, J.  Donald Brisson appeals from an order of the

Superior Court finding him in civil contempt for failing to

produce certain documents pursuant to Mass.R.Crim.P. 17(a)(2), 378 Mass. 885 (1979). Brisson is an attorney who was representing four potential witnesses who were cooperating with the Commonwealth in the pending murder charges against the defendant, Derek Hunt. Counsel for the defendant asked for permission to subpoena the documents and the judge ordered them produced; when Brisson refused to turn them over, he was found in contempt. We vacate the order of contempt.

Background. The significant facts are not in dispute. On March 30, 2009, the defendant was indicted on charges of murder and carrying a firearm without a license. Approximately two years later, in April of 2011, at the request of the defendant, Brisson was appointed to represent four potential witnesses, on the ground that their testimony could violate their rights under the Fifth Amendment to the United States Constitution. The judge described the witnesses' testimony as "critical to the Commonwealth's case." Shortly before the scheduled trial, the "client-witnesses disclosed to the District Attorney's Office alleged improper conduct of defense counsel and/or her investigator, which sought to influence their testimony at trial." Thereafter, the four witnesses appeared before a separately convened grand jury investigating the claims against defense counsel and her investigator and, during that process, the four were given immunity for their testimony.

In the meantime, apparently believing that there were credibility issues in the witnesses' proposed trial testimony, defense counsel filed a motion "to authorize [her] to subpoena to the clerk's office of Fall River Superior Court any and all records, notes, documents, and recordings in the possession of Attorney Donald Brisson relative to his representation" of the four witnesses.[1]  Brisson opposed the motion through counsel, claiming the attorney-client and work product privileges; Brisson also argued that the motion failed to meet the minimum requirements required for production of documents by a third party.  On January 20, 2012, defense counsel filed a "motion for summons for non-privileged records of Attorney Donald Brisson," pursuant to rule 17(a)(2), along with her affidavit and a supporting memorandum of law.[2]  Brisson filed a supplemental opposition.

---

[1] The motion provided "[a]s reasons therefor" that the materials "contain discoverable material with respect to the case herein."

[2] Other than her name and her representation that she was an attorney in good standing, defense counsel included in her affidavit only one statement of fact supporting her document request:  "4.  After reviewing discovery regarding the representation by Attorney Donald Brisson of [the four witnesses] with respect to their communications with agents of the Commonwealth of Massachusetts, I have reason to believe that additional non-privileged discovery exists that will provide the defense with relevant and material information that will be used at trial."  The memorandum of law contained more specific allegations, but no information supporting those allegations

On January 23, 2012, after a hearing, the judge ordered Brisson to produce, on or before January 26, 2012, a list of materials which the judge had reformulated from defense counsel's request into five specific categories.[3]  Brisson filed an emergency petition in the Supreme Judicial Court pursuant to G. L. c. 211, § 3, seeking review of the order.  A single justice denied the petition, finding that "[t]he material sought is non-privileged," Brisson "ha[d] not been held in contempt, and his petition [was] premature."

On January 30, 2012, at the scheduled pretrial hearing, Brisson's attorney argued that, because defense counsel had not reduced the judge's order to a summons and served Brisson, he

other than the preface, "[i]t is believed."  The memorandum was not signed under the pains and penalties of perjury.

[3] The judge found the following listed materials to be "relevant, not reasonably obtainable in advance of trial, . . . reasonably necessary for trial preparation, and . . . sought in good faith:  (1) Any and all written communications between Brisson and any representative of the Commonwealth relating to the testimony of the client-witnesses; (2) Any notes or other writings memorializing any such communications; (3) Any correspondence and/or memoranda relating to the scheduling of any meeting(s) between Brisson and any representative of the Commonwealth relating to the testimony of the client-witnesses; (4) Any and all correspondence between Brisson and any representative of the Commonwealth relating to any past and or proffered testimony of the client-witnesses, including, without limitation, correspondence relating to any promises, rewards or inducements; [and] (5) Any notes or memoranda of any non-privileged statements of the client-witnesses made in the presence of any representative of the Commonwealth (excluding notes taken by Brisson during any tape recorded interview of the client-witnesses which were provided by the District Attorney's Office to defense counsel)."

(Brisson) was unable to object to the request through the proper procedural mechanism of a motion to quash.  The judge disagreed, stating that because Brisson had been afforded "ample due process," the issuance of a subpoena would "add[] little, if anything" to the January 23 order because a hearing on "a motion to quash would raise the very same issues that were already raised and argued before [him] and taken to the [Supreme Judicial Court]."  Brisson declined to produce the materials; he was held in civil contempt, with a penalty of $500 per day until he complied with the order, the penalty to begin the following day.  Brisson timely appealed.

Brisson also immediately filed a petition in this court seeking a temporary stay of the contempt order pursuant to Mass.R.A.P. 6(a), as appearing in 454 Mass. 1601 (2009).  On February 2, 2012, after hearing, a single justice determined, among other things, (1) that defense counsel's affidavit filed in support of her request for a summons upon Brisson was insufficient under Mass.R.Crim.P. 13(a)(2), as appearing in 442 Mass. 1516 (2004), and (2) that the contempt order failed to comply with the "specific protocols set forth in Commonwealth v. Dwyer, 448 Mass. 122, 145-150 (2006)."  The motion for a stay was allowed without prejudice.

On February 6, 2012, the defendant served Brisson with a summons requiring him to appear at the defendant's trial

beginning that day, and requiring him (Brisson) to bring the materials described in an attached list.[4] Brisson filed a motion to quash the subpoena and it was denied. The defendant took no further action to obtain the materials; on February 13, 2012, he was acquitted of both charges.

Discussion. A. Contempt order. Brisson first argues that the materials sought by the defendant were protected by safeguards that require a certain protocol be followed prior to obtaining access, and that the defendant did not follow the protocol. Brisson claims that, because a summons for the materials never was issued before the contempt order was issued, he was deprived of the proper mechanism to object to the document request, rendering the contempt order unlawful.

When a defendant seeks pretrial inspection of presumptively privileged records of a third party, that defendant must adhere to the protocols grounded in rule 17. See Dwyer, 448 Mass. at 139. See also Mass.R.Crim.P. 17(a)(2); Mass. G. Evid. § 1108 (2014). A party in a criminal case may file a motion to compel production of documents from the third party so long as the materials "may contain relevant information that has evidentiary value to the defense," and "the motion [is] supported by an affidavit that shows that 'the documentary evidence sought has a

_____

[4] The list of materials attached to the summons was identical to the list in the January 23, 2012, order.

"rational tendency to prove [or disprove] an issue in the case."'" Commonwealth v. Caceres, 63 Mass. App. Ct. 747, 750 (2005), quoting from Commonwealth v. Lampron, 441 Mass. 265, 269-270 (2004). The accompanying affidavit must meet the requirements of rule 13(a)(2), and Lampron, supra at 270. Dwyer, supra at 147 (Appendix 1).

Prior to issuing a summons for the materials, a judge must determine whether the moving party has made a showing sufficient to satisfy the four-requirement standard outlined in Lampron. Id. at 141-142. Specifically, the moving party must establish good cause for the production of third-party documents, which is "satisfied by a showing '(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."'" Lampron, supra at 269, quoting from United States v. Nixon, 418 U.S. 683, 699-700 (1974). "[R]ule 17(a)(2) must be satisfied before any documents of any kind may be summonsed from any third party prior to trial." Dwyer, supra at 140.

In this case, defense counsel's affidavit accompanying the rule 17 motion is not specific and contains conclusory statements that fall short of meeting the required showing. Contrast Caceres, supra at 750-751. Compare Martin v. Commonwealth, 451 Mass. 113, 122 (2008), where the defendant satisfied each of the four requirements under Lampron by providing a lengthy and detailed affidavit establishing "a specific basis for the relevancy of the requested documents, and identif[ying] the source . . . and reliability of the hearsay." In this case, the judge's January 23, 2012, order to provide the materials was issued in error and the defendant does not now contend otherwise.[5]

B.  Mootness.  Defense counsel argues, rather, that Brisson's appeal is moot and frivolous because the contempt order against him was stayed and never was reinstated, and no sanction ever was imposed upon him.  For support, she cites Commonwealth v. Rape Crisis Servs. of Greater Lowell, Inc., 416 Mass. 190, 193 (1993), where the court stated that "[u]nlike its criminal counterpart, civil contempt is not punitive but 'intended to achieve compliance with the court's orders for the benefit of the complainant.'  Furtado v. Furtado, 380 Mass. 137,

---

[5] In light of our conclusion, we need not address the question whether the entry of an order, rather than the issuance of a summons, is sufficient to compel a record holder to produce the requested materials.

141 (1980). Vindication may be proper where a conviction of contempt results in the imposition of a punitive sentence and incarceration, but such is not the case here, where the finding of civil contempt was meant simply to coerce. Judicial economy and the lack of an adversary quality to this proceeding seal its fate." See Commonwealth v. Anastos, 438 Mass. 846, 849-850 (2003). In both Rape Crisis Servs. of Greater Lowell, Inc., and Anastos, however, the judgment of contempt had been vacated prior to the appellate decision and, therefore, the appeal indeed had been moot. Here, the contempt order remains outstanding. In addition, as with an abuse prevention order under G. L. c. 209A, or a harassment order under G. L. c. 258E, the effect of maintaining the contempt order against Brisson may have continuing consequences, even though the order was intended only to be coercive. See, e.g., Seney v. Morhy, 467 Mass. 58, 62 (2014); Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 638 (1998); Smith v. Jones, 67 Mass. App. Ct. 129, 133 (2006). For that reason, we are not persuaded that this appeal is moot or frivolous.

C. Attorney's fees. Brisson also argues that defense counsel's actions amounted to misconduct and that, as a result, she should be ordered to pay the expenses and attorney's fees incurred in his effort to vacate the contempt order as well as for his own time expended in that effort. We disagree.

Although the method defense counsel used in her attempt to obtain the materials was defective, we accept the judge's finding that the request was made in good faith.  See Commonwealth v. Odgren, 455 Mass. 171, 188 (2009).  In addition, this issue was raised for the first time on appeal and, therefore, is waived.  See Martins v. University of Mass. Med. Sch., 75 Mass. App. Ct. 623, 634 n.17 (2009).

Order of contempt vacated.

LSM