A jury convicted the defendant, Carlos Henao, of one count of indecent assault and battery, see G. L. c. 265, § 13H, and two counts of aggravated rape of a child, see G. L. c. 265, § 23.[2] On appeal, he contends that the judge made the following errors: (1) limiting inquiry into the victim's allegedly sexual relationship with a man named Jamie Restrepo in violation of the confrontation clause and due process; (2) denying the defendant's motion for the victim's therapy records in violation of due process; (3) admitting a photograph (photo) of the victim when she was only eight years old; (4) allowing the Commonwealth's experts to testify to matters in the jury's ken; and (5) allowing the Commonwealth's experts to bolster their testimony on direct examination with treatises. We affirm.
Discussion. 1. Inquiry into the victim's relationship. The defendant asserts that Restrepo's termination of his sexual relationship with the victim, at the victim's mother's insistence, provided a powerful motive for the victim to fabricate the allegations of rape against the defendant, who was married to the victim's mother. As a result, he claims, the judge erred in precluding him from "show[ing] the sexual nature of the [victim's] relationship [with Restrepo] and thus [giving] weight to the [victim's] motive to lie." We disagree.
In order to protect a victim of sexual assault from irrelevant character assassination, inquiry into a victim's sexual history is generally prohibited. See G. L. c. 233, § 21B. General Laws c. 233, § 21B, inserted by St. 1977, c. 110, commonly known as the rape shield statute provides that "[e]vidence of specific instances of a victim's sexual conduct ... shall not be admissible except evidence of the victim's sexual conduct with the defendant or evidence of recent conduct of the victim alleged to be the cause of any physical feature, characteristic, or condition of the victim." This statutory limitation on the admissibility of an alleged victim's sexual history must be balanced against a "defendant's constitutional right to present evidence that might lead the jury to find that a Commonwealth witness is lying or otherwise unreliable." Commonwealth v. Polk, 462 Mass. 23, 38 (2012). However, "the scope of cross-examination, including to what extent the accuracy, veracity, and credibility of a witness may be tested, rests largely in the sound discretion of the judge, not subject to revision unless prejudice is shown to a party by reason of too narrow restriction or too great breadth of inquiry." Commonwealth v. Gagnon, 408 Mass. 185, 192 (1990), quoting from Commonwealth v. Underwood, 358 Mass. 506, 513 (1970).
Here, the judge did not foreclose all cross-examination into the victim's relationship with Restrepo. Defense counsel was permitted to elicit that the victim harbored "feelings" for Restrepo and was in "a romantic relationship with him." The victim acknowledged that she had been dating Restrepo for "over a year" before her mother forced an end to the relationship and, furthermore, that she did not accuse the defendant of rape until after her relationship with Restrepo ended. This testimony went to the heart of the defendant's fabrication defense without having to delve into the victim's sexual history. In these circumstances, we conclude that the judge struck a fair balance between the defendant's right to cross-examine the victim and the prohibition against inquiry into the victim's sexual history. There was no error.
As to his claim that Restrepo's statement to the police should have been admitted as being against his penal interest, there likewise was no error. Although Restrepo was unavailable, the defendant failed to sufficiently corroborate Restrepo's statement. See Commonwealth v. Tague, 434 Mass. 510, 516 (2001). Even assuming that the defendant had sufficiently corroborated Restrepo's statement, it was irrelevant and would have been barred by the rape shield statute.
2. Motion for therapy records. We are similarly unpersuaded that the denial of the defendant's motion for the victim's therapy records violated due process. Upon learning that the victim's therapist inquired with the Commonwealth about coming to court "in support of [the victim] when she testified," the defendant moved to obtain copies of the victim's therapy records. See G. L. c. 112, § 135B. These records are privileged, and to pierce that statutory privilege "[a] defendant must first comply with the threshold requirements of Mass.R.Crim.P. 17(a)(2), as elucidated in [ Commonwealth v.] Lampron, [441 Mass. 265, 269 (2004) ]." Commonwealth v. Sealy, 467 Mass. 617, 627 (2014). Under this protocol, a defendant must show "that the documents are evidentiary and relevant." Ibid., quoting from Lampron, supra. "We review a judge's ruling on rule 17(a)(2) motions for abuse of discretion." Commonwealth v. Jones, 478 Mass. 65, 68-69 (2017).
Here, the defendant asserts, without more, merely that the records must include references to the abuse and rapes because the victim began therapy after lodging the rape accusations and the therapist showed an interest in appearing in court. The defendant's assumption is purely speculative. Testifying in court for the first time would be difficult for anyone, especially a young individual in therapy. The therapist's presence in support of her patient, the victim, speaks only to the victim's anxiety over testifying and nothing about the content of the testimony or the therapy sessions. We discern no abuse of discretion.
3. Photo of the victim. The defendant also challenges the admission, over objection, of the victim's photo from when she was eight years old.[3] "The admissibility of photographic evidence is left to the discretion of the trial judge." Commonwealth v. Tassinari, 466 Mass. 340, 349 (2013), quoting from Commonwealth v. Waters, 399 Mass. 708, 715 (1987). "It is a 'rare instance[ ] in which the probative value of [such] evidence is [so] overwhelmed by its inflammatory potential' that a reversal would be warranted," Commonwealth v. Bradshaw, 385 Mass. 244, 270 (1982), quoting from Commonwealth v. Repoza, 382 Mass. 119, 128 (1980).
Here, there is no indication that the photo prejudicially inflamed the jury. The prosecutor's mention of the photo during her closing argument was fleeting and without objection. In addition, the judge properly instructed the jury not to convict based on sympathy generated by the photo, see Commonwealth v. Hernandez, 473 Mass. 379, 392 (2015) (juries are "presumed to follow instructions"), and the jury acquitted the defendant of one count of aggravated rape of a child. We discern no error.
4. Expert testimony. We also are not persuaded by the defendant's contention that the Commonwealth's experts testified to issues within the ken of the jury. A pediatrician testified about how one would commonly see no signs of physical abuse in sexual assault cases. This testimony pertaining to the physiology of sexual assault cases is proper expert testimony. See Commonwealth v. Scesny, 472 Mass. 185, 194-195 (2015) (criminologist could testify about whether semen deposits would typically appear on female's underwear if she pulled them up after having sexual intercourse with male). The psychologist's testimony, regarding why young sex assault victims often delay reporting, was also outside the jury's purview and properly admitted. See Commonwealth v. Federico, 425 Mass. 844, 847-848 (1997), quoting from Commonwealth v. Colin C., 419 Mass. 54, 60 (1994) ("behavioral and emotional characteristics common to [sexually abused children] ... are 'beyond the jury's common knowledge and may aid them in reaching a decision' "). There was no error.
5. Experts' mention of treatises. We are also not convinced by the defendant's contention that the Commonwealth's experts on direct examination improperly bolstered their testimony by mentioning key treatises in their fields. Although treatises may not be admitted to "bolster direct examination," Brusard v. O'Toole, 429 Mass. 597, 601 n.5 (1999), quoting from Commonwealth v. Sneed, 413 Mass. 387, 395 n.6 (1992), here, neither of the experts offered the content of treatises as evidence. Contrast Federico v. Ford Motor Co., 67 Mass. App. Ct. 454, 458-459 (2006) (statements read into the record from admissible treatises were properly admitted). Each expert made one limited reference to an article written or study performed by others, and there was no objection.[4] Accordingly, we see no error creating a substantial risk of a miscarriage of justice.
Judgments affirmed.

The Commonwealth filed a nolle prosequi on a second count of indecent assault and battery, and the jury acquitted the defendant of a third count of aggravated rape of a child.

The victim alleged that the defendant first began sexually assaulting her when she was eight years old and they lived outside of the United States; here, the defendant was not prosecuted for any of those alleged acts.

At the beginning of her direct examination, when asked about the research that she has done, including in the "area of suspected child sexual abuse," the psychologist briefly testified without objection.