NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-37

COMMONWEALTH

vs.

JAY SMITH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court, the defendant was convicted of four counts of indecent assault and battery on a child under the age of fourteen in violation of G. L. c. 265, § 13B.  On appeal, the defendant argues that (1) the judge's denial of his motion for third-party therapist records was an abuse of discretion, and (2) where he was neither present at sidebar during voir dire, nor personally waived his right to be present, a substantial risk of a miscarriage of justice resulted.  We affirm.

Background.  In 2020, the victim, who was twelve years old, lived part-time with her grandmother and her grandmother's husband, the defendant, so that they could supervise her remote

schooling during the COVID-19 pandemic.  The victim testified that while there, the defendant "touched [her] thighs, [her] chest area and [her] buttocks."  At trial, the defendant argued that the victim fabricated the allegations because the defendant was too strict, particularly about her use of electronic devices, and suggested that the victim wanted her grandmother to end her relationship with the defendant so that the victim, her mother, and her sister could move into the grandmother's home.

Discussion.  1.  Rule 17 motion.  The defendant argues that the motion judge erred in denying his "motion for court order for production of thid-party [sic] records (therapist records)" sought pursuant to Mass. R. Crim. P. 17 (a) (2), 378 Mass. 885 (1979), and Commonwealth v. Dwyer, 448 Mass. 122 (2006).  To obtain such records,

> "the party moving to subpoena documents to be produced before trial must establish good cause, satisfied by a showing '(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."'"

Commonwealth v. Lampron, 441 Mass. 265, 269 (2004), quoting United States v. Nixon, 418 U.S. 683, 699-700 (1974).  "We review a judge's ruling on rule 17 (a) (2) motions for abuse of discretion."  Commonwealth v. Jones, 478 Mass. 65, 69 (2017).

2

"To satisfy the first requirement of Lampron, . . . the defendant must make a factual showing that the documentary evidence sought has a rational tendency to prove [or disprove] an issue in the case" (quotation omitted).  Jones, 478 Mass. at 68, quoting Lampron, 441 Mass. at 269-270.  If a defendant alleges with particularity that the third-party therapist records include specific information about the victim's allegations, the records are relevant and should be produced.  See Commonwealth v. Labroad, 466 Mass. 1037, 1039 (2014).  However, rule 17 (a) (2) is not a discovery tool, see Jones, supra; "[p]otential relevance and conclusory statements regarding relevance are insufficient," Lampron, supra at 269.  Relevance is not established by mere speculation.  See Commonwealth v. Alcantara, 471 Mass. 550, 564 (2015).

Here, the victim's mother reported to the Department of Children and Families (DCF) that the victim had met with a therapist after disclosing the defendant's conduct.[1]  The defendant argued that because the victim was referred to the therapist after making the allegations, it was "probable" that she had discussed the allegations with the therapist; therefore, defense counsel reasoned, the therapist's records "would be relevant to assess [the victim's] credibility."  However, a mere

---

[1] The victim's mother's report to DCF was contained within a 51A report that was not provided to the motion judge.

3

referral to therapy, without more, is insufficient to meet the defendant's burden under the rule and case law. See Commonwealth v. Bourgeois, 68 Mass. App. Ct. 433, 437 (2007) (mental health referral at time of allegation insufficient to require disclosure of privileged records). Moreover, the defendant's argument that it was "probable" that the victim discussed the allegations with her therapist is based on the same type of conjecture rejected by the Supreme Judicial Court in Lampron. See Commonwealth v. Sealy, 467 Mass. 617, 628 (2014) (defendant "relied only on a generalized claim that the victim could have fabricated her account of the rape. Such unsupported assertions do not meet the defendant's threshold burden under Lampron"); Commonwealth v. Olivier, 89 Mass. App. Ct. 836, 844-845 (2016). Thus, we conclude that the motion judge acted within his discretion in denying the motion.

2. Voir dire. The defendant next argues that he did not waive his right to be present at sidebar during voir dire, thereby violating his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution, art. 12 of the Massachusetts Declaration of Rights, and Mass. R. Crim. P. 18 (a), 378 Mass. 887 (1979). He claims that his absence resulted in jurors being seated who would have been struck if he had been present. Because the defendant did not object at trial, our review is limited to whether there was any error, and

4

if so, whether that error created a "substantial risk of a miscarriage of justice." Commonwealth v. Redmond, 53 Mass. App. Ct. 1, 7 (2001).

At the pretrial conference, with the defendant present, the trial judge described his usual process for empanelment, stating that it was his practice to "do sidebar voir dire." Counsel did not object or ask for the defendant to be present at sidebar. Nonetheless, the following day, the first day of trial, the judge took care to ensure that the defendant could exercise his right to be present. The judge asked defense counsel if the defendant intended to be present at sidebar, to which defense counsel responded "No." The judge stated again, "Just confirming that your client has decided not to be present at sidebar during jury selection," to which defense counsel responded "Correct." Finally, the judge stated, "Or voir dire. . . anything anyone wants to address before we begin the next process?" to which defense counsel responded, "No, your Honor." Where the defendant was given notice of the voir dire procedure, had the opportunity to discuss the process with his counsel before trial, and raised no objection at the start of the voir dire after the judge's direct questions, he effectively waived his right to be present. See Commonwealth v. Fritz, 472 Mass. 341, 347 (2015) ("The defendant's express consent or personal waiver [to be at sidebar for jury selection] was not

5

required").[2]  The voir dire procedure was not error and did not violate the defendant's constitutional or other rights.

Judgments affirmed.

By the Court (Vuono,
  Massing & Allen, JJ.[3]),

Clerk

Entered:  December 4, 2025.

---

[2] The defendant asks us to overrule the Supreme Judicial Court because it is "in opposition to all federal circuits that have addressed this argument."  We have no authority to do so. See Commonwealth v. Rivera, 104 Mass. App. Ct. 517, 521, quoting Commonwealth v. Dube, 59 Mass. App. Ct. 476, 485 (2003) (the Appeals Court may not "alter, overrule or decline to follow the holding of . . . the Supreme Judicial Court").

[3] The panelists are listed in order of seniority.